■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SCATLIFFE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered January 13, 1982, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial, after a hearing (Sherman, J.), of that branch of the defendant's omnibus motion which sought the suppression of identification testimony.

Judgment affirmed.

The failure of the People to preserve a record of several photographic arrays shown to the victims within a week of the robbery gave rise to an inference that the arrays were suggestive (see, People v Johnson, 106 AD2d 469) and that the inference of suggestiveness was not sufficiently rebutted. However, notwithstanding the presumptive suggestiveness of the photographic identifications, the record established a sufficient independent basis for the victims' in-court identifications of the defendant (see, People v Pleasant, 54 NY2d 972, cert denied 455 US 924; People v English, 75 AD2d 981). The People proved by clear and convincing evidence that both of

the victims had an ample opportunity to observe the defendant throughout the course of the robbery, which lasted for approximately 15 to 30 minutes, so as to provide a sufficient independent basis for their in-court identifications *(see, People v Ballott,* 20 NY2d 600, 606).

Furthermore, viewing the evidence in the light most favorable to the People, as we are required to do *(see, People v Kennedy,* 47 NY2d 196, 203), we find the evidence sufficient to support the jury's finding of guilt since " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319). While there were numerous inconsistencies in the testimony of the People's witnesses, most of them were inconsequential, and the responsibility for resolving questions relating to identification and the credibility of the witnesses lies with the trier of fact *(see, People v Herriot,* 110 AD2d 851, 852). Once the prosecution has made a prima facie showing of the reliability of the identification of the defendant by the victims it is within the jury's province to assess the weight to be afforded their testimony *(People v Malphurs,* 111 AD2d 266, 268-269). In this case, after a review of the record, we find the evidence is sufficient in quality and quantity to prove the defendant's guilt beyond a reasonable doubt *(see, People v Gruttola,* 43 NY2d 116, 122).

The complaining witnesses' brief references to their previous identifications of the defendant, though improper, do not warrant a reversal of the instant conviction. Because the prosecution failed to give notice pursuant to CPL 710.30 of its intent to offer testimony by a complaining witness relating to her identification of the defendant made at the *Wade* hearing, this testimony was not permitted into evidence *(cf. People v Magazine,* 106 AD2d 473). The trial court similarly excluded testimony by another complaining witness relating to his previous photographic identification of the defendant. The testimony was immediately stricken from the record, and curative instructions were supplied. In light of the prompt curative action taken by the trial court to mitigate any potential prejudice caused by these passing references, we deem these errors harmless.

Additionally, although the prosecutrix made a technically improper comment in her summation, reversal is not warranted because the comment did not substantially prejudice the defendant's trial *(see, People v Galloway,* 54 NY2d 396, 401; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). We

note that the comment presently complained of, whereby the prosecutrix implied to the jury that she was precluded by evidentiary rules from presenting additional inculpatory evidence, was caused largely by the defense counsel's invitation to the jury to speculate as to the reason for the lack of certain evidence. Moreover, the Trial Judge's curative instructions, which in part advised the jury that there had not been any evidence withheld from their consideration, operated to ameliorate any potential prejudice caused by the prosecutor's comments *(see, People v Bailey,* 58 NY2d 272, 278; *People v Mott,* 94 AD2d 415, 419). Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.