THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST SANCHEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Nastasi, J.), rendered September 24, 1984, convicting him of robbery in the first degree, grand larceny in the third degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court concluded that the failure on the part of the People to preserve a record of the photographic arrays shown to the two witnesses about a week after the robbery gave rise to an inference, which the People failed to rebut, that the arrays were suggestive *(People v Scatliffe,* 117 AD2d 827; *People v Johnson,* 106 AD2d 469). However, it further concluded that an independent source existed for in-court identifications of the defendant by the witnesses *(see, People v Pleasant,* 54 NY2d 972, *cert denied* 455 US 924; *People v Scatliffe, supra).* We agree. The record discloses that both witnesses had ample opportunity to view the defendant at the scene of the crime and each gave a detailed and accurate description of the defendant to the police immediately following the crime.

Further, there was no abuse of discretion in the court's

denial of the defendant's motion, which was opposed by the People, to remove his case to the Family Court. While defendant, who was 15 years old at the time of the crime, was eligible for such consideration (CPL 210.43 [1]; 1.20 [42]), he had been identified by two witnesses as an active participant in a violent crime and it cannot be said that this was an *exceptional* case where such removal was required *(see, Matter of Vega v Bell,* 47 NY2d 543, 553; CPL 210.43 [2]).

Finally, the court properly refused to adjudicate the defendant as a youthful offender since he was not an "eligible youth" as a result of his prior adjudication as a youthful offender following a conviction for robbery in the second degree (CPL 720.10 [2] [c]; *People v Kane,* 100 AD2d 944; *People v Green,* 75 AD2d 625). Nor do we find any mitigating circumstances at bar which would require that the court sentence the defendant as a youthful offender, not withstanding his prior adjudication (CPL 720.10 [2]).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.