■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINT BOYE, Appellant.—Appeal by the defendant, as limited by his brief, from so much of a judgment of the County Court, Suffolk County (Sherman, J.), rendered September 14, 1988, as, upon his plea of guilty, (1) convicted him of kidnapping in the second degree, and imposed sentence on that count, and (2) sentenced him to concurrent indeterminate terms of two to six years imprisonment and one to three years imprisonment respectively, upon his conviction of assault in the first degree (two counts).

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of kidnapping in the second degree, vacating the sentence imposed thereon, and thereupon dismissing count two of the indictment; as so modified, the judgment is affirmed insofar as appealed from.

The defendant was indicted as a juvenile offender (see, CPL 1.20 [42]; see also, Penal Law § 30.00 [2]) for attempted murder in the second degree and assault in the first degree (two counts). In addition, because the defendant committed acts constituting kidnapping in the second degree during the course of the same criminal transaction, a count charging him with that crime was properly included in the indictment (see, CPL 200.20 [6]), notwithstanding that, because of his age, the defendant was not criminally responsible for that conduct (see, Penal Law § 30.00 [1]). Although the County Court was empowered to accept a plea of guilty to those counts of the indictment for which the defendant was criminally responsible (see, CPL 220.10 [4], [5] [g]), it was not authorized to accept a plea of guilty to kidnapping in the second degree (see, CPL 220.10 [4], [5] [g]; cf., People v Bartley, 47 NY2d 965; People v Hicks, 79 AD2d 887). The challenged portion of the defendant's plea, which the People do not claim is an integral part of a nonseverable plea bargain (cf., People v Bartley, supra), must accordingly be set aside and deemed a nullity (cf., CPL 310.85 [2]). However, there is no basis for disturbing the sentences imposed for assault in the first degree, for which the defendant was criminally responsible (see, People v Kazepis, 101 AD2d 816; People v Suitte, 90 AD2d 80). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.