■ In the Matter of TRACY C., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Sparrow, J.), dated June 6, 1991, which, upon a jury verdict rendered March 22, 1991, following a jury trial in the Supreme Court, Kings County (Slavin, J.), finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the first degree, attempted robbery in the first degree, and criminal

possession of a weapon in the second degree, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth for a period of three years confinement in a secure facility.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the juvenile delinquency fact determination made by the Supreme Court, Kings County, pursuant to CPL 310.85 (3) is vacated, and the matter is remitted to the Family Court, Kings County, for a fact-finding hearing on charges that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of assault in the first degree, attempted robbery in the first degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, as specified in counts three through eight of Kings County Indictment No. 1176/90, which shall be deemed to constitute the juvenile delinquency petition (see, CPL 725.10 [2]; 470.55 [1]).

The appellant, who was fifteen years old at the time of the crime, was charged as a juvenile offender with attempted murder in the second degree, assault in the first degree (two counts), attempted robbery in the first degree (two counts), attempted robbery in the second degree, and criminal possession of a weapon in the second and third degrees in connection with the shooting of a police officer.

During the testimony of a People's witness, the court conducted a conference with the witness, outside the presence of the defendant or his attorney, over the objection of defense counsel. There was no transcribed record of what occurred during the conference. Prior to the conference, the witness had testified only that she had seen the appellant and an accomplice on the day of the incident. Upon the continuation of the witness's testimony the following day, she gave additional testimony which inculpated the appellant.

The appellant was acquitted of attempted murder in the second degree, and one count of assault in the first degree (Penal Law § 120.10 [1]), but found guilty of a second count of assault in the first degree (Penal Law § 120.10 [4]), attempted robbery in the first degree, and criminal possession of a weapon in the second degree. The Supreme Court directed that the action be removed to the Family Court because the appellant could not be held criminally liable as a juvenile offender for those crimes (see, CPL 310.85, 725.10). The verdict was deemed vacated and replaced by a juvenile delinquency

fact determination (see, CPL 310.85 [3]). After a dispositional hearing the appellant was placed with the Division for Youth for a period of three years confinement in a secure facility.

On appeal, the appellant contends that the Supreme Court's failure to place its discussion with the witness on the record constituted reversible error (see, People v Ortega, 78 NY2d 1101; cf., People v Harrison, 181 AD2d 743). We agree. The discussion occurred during the witness's testimony, which was a material stage of the trial (People v Turaine, 78 NY2d 871). Since the witness added inculpatory facts to her testimony after the conference with the court, whatever was said at the conference may have had an impact on her subsequent testimony.

We also note that the trial court's remark, in the presence of the jury, that a People's witness was "apparently frightened" to testify was an inappropriate statement of the court's opinion. A Trial Judge should exercise care so that his or her conduct, in the form of words, actions or demeanor, does not divert or itself become an irrelevant subject of the jury's focus (see, People v De Jesus, 42 NY2d 519, 523; see also, People v Bell, 38 NY2d 116, 120).

In light of this determination, we have not considered the appellant's remaining arguments. Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.