■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BROWN, Also Known as SHAMEL BROWN, Appellant. —Appeal by the defendant from (1) four judgments of the Supreme Court, Queens County (Finnegan, J.), all rendered May 16, 1990, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 11916/89, criminal sale of a controlled substance in the third degree under Indictment No. 13833/89, criminal possession of a controlled substance in the third degree under Indictment No. 12003/89, and assault in the second degree under Indictment No. 203/90, upon his pleas of guilty, and imposing sentences, and (2) an amended judgment of the same court, rendered May 16, 1990, revoking a sentence of probation previously imposed by the same court (Clabby, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous convictions of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, for which he was adjudicated a youthful offender under Indictment No. 11336/88.

Ordered that the judgments and the amended judgment are affirmed.

The defendant represented to the court during plea proceedings on October 12, 1988, that he was 16 years old and represented to the court during plea proceedings on December 7, 1989, that he was born on July 6, 1972. The probation

report also states that the defendant was born on July 6, 1972. The defendant was therefore 16 years of age at the time of, and criminally responsible for, all the crimes charged in the various indictments filed against him *(see,* Penal Law § 30.00). Accordingly, the sentencing court did not err in rejecting the defendant's unsubstantiated claim, raised for the first time at sentencing on May 16, 1990, that he was born on July 6, 1973, and was not criminally responsible for the crimes that he allegedly committed in 1988, and the first half of 1989 *(see, United States v Alvarez-Porras,* 643 F2d 54, 66-67, *cert denied sub nom. Garcia-Perez v United States,* 454 US 839).

We have examined the defendant's remaining argument and find it to be unpreserved for appellate review, and, in any event, without merit *(see, People v Kryminski,* 154 AD2d 549). Mangano, P. J., Rosenblatt, Ritter and Santucci, JJ., concur.