OPINION OF THE COURT
Per Curiam.
In these four unrelated juvenile delinquency proceedings, consolidated by the Appellate Division, respondents failed to appear on scheduled dates before Family Court and were charged with acts that, if committed by an adult, would constitute bail jumping in the second degree (Penal Law § 215.56). In each case, Family Court dismissed the charges holding that Penal Law § 215.56, by its terms, applies only to adults facing criminal prosecution for a felony. The Appellate Division affirmed and, we believe, correctly so.
These proceedings began when the presentment agency filed juvenile delinquency petitions against respondents charging each with acts that, if committed by an adult, would constitute a felony (see, Family Ct Act § 301.2 [1]). Respondents made initial appearances before the court and were then released at the court’s discretion (see, Family Ct Act § 320.5 [1]). As one condition of release, they agreed to return to court voluntarily. When they failed to do so, bench warrants were issued, and respondents were returned involuntarily. Ultimately, all four were granted dismissal of their juvenile delinquency petitions — Simone H. on failure-of-proof grounds and the other three because the presentment agency failed to meet the speedy hearing deadline imposed by Family Court Act § 340.1 (see, Matter of Randy K., 77 NY2d 398). A second set of petitions is now before us, those arising from respondents’ failure to appear in violation of the conditions of their releases and charging them with acts which if committed by an adult would constitute bail jumping. This appeal from the dismissal of those petitions presents solely a matter of statutory construction.
A juvenile delinquency petition can be sustained only if the conduct charged would constitute a crime if committed by an adult (Family Ct Act §§ 301.1, 301.2 [1]). Respondents contend that these juvenile delinquency petitions must be dismissed *681 because their conduct did not provide the necessary elements of bail jumping as the crime is defined by section 215.56 of the Penal Law. As they read the statute, bail jumping occurs only when a person is released upon bail or upon his own recognizance during the pendency of a criminal action or proceeding involving felony charges. Because juveniles are not charged with felonies, are not subject to criminal actions or proceedings and are not released on their own recognizance,* respondents maintain that the Penal Law § 215.56 cannot provide the predicate offense for a juvenile delinquency petition. That has been the holding in recent Appellate Division decisions (see, Matter of Natasha C., 181 AD2d 404 [bail-jumping statute not applicable in juvenile delinquency proceedings]; Matter of John D., 186 AD2d 564 [same]; Matter of Efraim O., 186 AD2d 571 [same]; Matter of Carmen M., 186 AD2d 567 [same]).
Penal Law § 215.56 states that a person is guilty of bail jumping when "he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a charge against him of committing a felony”. "Release on own recognizance”, in turn, is defined in relevant part as allowing a person "to be at liberty during the pendency of the criminal action or proceeding * * * upon condition that he will appear thereat whenever his attendance may be required” (CPL 500.10 [2]). By its plain terms, the statute reaches only those released upon bail or their own recognizance and is further limited to those facing a criminal action or proceeding relating to a felony. However inexcusable it may be for juveniles to miss appearances in Family Court, their conduct is simply not the sort the Legislature intended to criminalize when it adopted this bail-jumping statute.
First, the limiting language of the statute indicates that the legislative drafters were contemplating only proceedings involving adults. A juvenile respondent is never required to "appear * * * in connection with a charge against him of committing a felony”. Though the petitions here were based on acts that would constitute felonies if committed by adults, respondents, as juveniles, were not charged with felonies. Consistent with the Family Court statutory scheme, their *682 missed appearances were in connection with allegations of juvenile delinquency. Similarly, a juvenile delinquency proceeding in Family Court is not a "criminal action or proceeding”. It is civil in nature (Matter of Randy K., 77 NY2d 398, 402, supra) or at most "quasi-criminal” (Matter of Gregory W., 19 NY2d 55, 62). Likewise, Penal Law § 215.56 refers to release on recognizance, a term statutorily defined in the Criminal Procedure Law (§ 500.10 [2]), but not mentioned in the Family Court’s release statute (Family Ct Act § 320.5 [1]).
The Legislature’s intent not to apply this bail-jumping statute to Family Court proceedings is further evidenced by the Penal Law’s statutory scheme for the crime. The predecessor statute, as enacted and then reenacted, expressly applied only "in connection with a criminal action or proceeding” (see, former Penal Law § 205.35, added by L 1965, ch 1030, repealed and reenacted as Penal Law § 215.56, by L 1968, ch 510, §§ 1, 2). In fact, that language is now contained in Penal Law § 215.55, third degree bail jumping. When the current version of Penal law § 215.56 was adopted in 1983 (in connection with the creation of an additional degree of bail jumping), the term "felony” replaced the former "criminal action or proceeding” phrase (L 1983, ch 277).
Thus, the word "felony” as used in this statute should not be read, as the presentment agency urges, as "an act, which if done by an adult, would constitute a felony.” Rather, when read together with Penal Law §§ 215.55, 215.56 and 215.57, and in light of the history of the statute, it is plain that "felony” is used to calibrate the degree of bail jumping in a criminal action (see, Penal Law § 215.55 [bail jumping in a "criminal action or proceeding” is a class A misdemeanor]; § 215.56 [bail jumping in a "felony” case is a class E felony]; § 215.57 [bail jumping in a "class A or class B felony” case is a class D felony]).
That the Legislature has chosen to apply certain penalties to an adult’s failure to appear tells us nothing about its intentions regarding a juvenile’s absence from Family Court under substantially different circumstances. Like adults, juveniles have a personal obligation to return to court, and a bench warrant may be issued when they fail to do so. But that does not answer the narrow question of whether the Legislature intended the bail-jumping statute to apply to those involved in juvenile delinquency proceedings. It is not for the courts to identify culpable conduct, and in view of the unam *683 biguous language appearing in section 215.56 and the Penal Law’s over-all bail-jumping scheme, we are unable to find any suggestion the Legislature intended that failure to appear in a juvenile proceeding would constitute a juvenile offense. Notwithstanding the significant problems absconding juveniles pose, it is for the Legislature, and not the courts, to make the necessary policy choices as to how best to address those problems.
Accordingly, in each matter the order of the Appellate Division should be affirmed, without costs.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur in Per Curiam opinion.
Order affirmed, without costs.

 The statute’s reference to bail is not relevant here. Bail is not an option available in juvenile delinquency proceedings (see, Family Ct Act § 320.5; People ex rel. Wayburn v Schupf, 47 AD2d 79, 81).