■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CARLOS PARRA, Appellant. [594 NYS2d 286] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered July 2, 1992, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence of an indeterminate term of 1½ to 4½ years imprisonment.

Ordered that the judgment is modified, on the law and the facts, by reducing the sentence imposed to an indeterminate term of 1 to 3 years imprisonment; as so modified, the judgment is affirmed.

The defendant was indicted for one count each of robbery in the first degree, robbery in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree for his participation in the gun-point robbery of

an individual on a Queens street on March 9, 1991. On June 3, 1992, the defendant appeared in the Supreme Court, Queens County, and withdrew his previously-entered plea of not guilty and pleaded guilty to one count of attempted robbery in the first degree in full satisfaction of the indictment in exchange for a promised sentence, as a juvenile offender, of 1 to 3 years imprisonment. At the plea proceeding, the defendant stated that he was 15 years old.

The defendant appeared for sentencing on June 29, 1992. At this time, the court asked the defendant for his date of birth. The defendant responded that he was born on September 24, 1976. The court noted that the probation report indicated that the defendant's date of birth was September 24, 1974, and determined that further inquiry into the defendant's actual date of birth was warranted. Accordingly, sentence was put over until July 2, 1992, for a hearing, at which time the defendant submitted what was apparently an original Colombian birth certificate confirming that he was born in 1976. In contrast, the People submitted a faxed copy of the birth certificate on file with the defendant's high school which indicated that he had been born in 1974. The court determined that the defendant had not met his burden of establishing his age and that the defendant's birthdate was September 24, 1974. The defendant was then sentenced as an adult to the minimum term of 1½ to 4½ years imprisonment.

Infancy constitutes a defense under the Penal Law *(see,* Penal Law § 30.00 [1]) which the People have the burden of disproving beyond a reasonable doubt *(see,* Penal Law § 25.00 [1]). Where the evidence on the question of age raises a serious and substantial doubt, the doubt should be resolved in favor of the defendant *(see, People v Eric T.,* 89 Misc 2d 678). In this case, the People failed to satisfy their burden that the defendant was over the age of 16 years when the crime was committed. There was nothing inherently superior about the faxed copy presented by the People and there had been no inquiry as to whether the document on file with the school was, in fact, the original. Thus, the defendant should have been sentenced as a juvenile offender in accordance with the terms of the negotiated plea, and we modify the sentence accordingly *(see, People v Brown,* 190 AD2d 742). Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.