[645 NYS2d 115]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HOLMES, Also Known as EDDIE ESTALO, Appellant.

Third Department, June 27, 1996

**APPEARANCES OF COUNSEL**

*Robert M. O'Leary, Public Defender* of Broome County, Binghamton *(William L. Brown* of counsel), for appellant.

*Gerald F. Mollen, District Attorney* of Broome County, Binghamton *(Carol A. Cocchiola* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Relying upon the general rule that a juvenile cannot be prosecuted for the crime of bail jumping *(see, Matter of Natasha C.,* 80 NY2d 678; *Matter of John D.,* 186 AD2d 564), defendant argues that his bail jumping conviction should be reversed because he was a juvenile when he was admitted to bail in the underlying criminal action. The argument is rejected. Defendant was 16 years old when he failed to appear as directed while on bail, and County Court clearly had jurisdiction to admit defendant to bail in the underlying action even though defendant was then less than 16 years of age.

Defendant was arrested and charged with possession of cocaine in July 1991. He used the name Eddie Estalo and represented himself to be 19 years old. After he was indicted under the name of Eddie Estalo, defendant entered a plea of guilty to one count of the indictment in satisfaction of all counts. Upon defendant's request, County Court admitted defendant to bail pending the imposition of sentence.

Defendant failed to appear on the date scheduled for sentencing and he was subsequently indicted on a charge of bail jumping in the first degree. When defendant appeared in court and explained that he did not turn 16 until two days before the date scheduled for sentencing on the drug charge, County Court vacated defendant's plea to the drug charge and dismissed the indictment upon which the plea had been based. Defendant then entered a plea of guilty to the bail jumping charge, and he was sentenced as an adult to 1 to 3 years in prison.

Our analysis begins by recognizing that *Matter of Natasha C. (supra)* involved juvenile delinquency proceedings commenced and prosecuted in Family Court, pursuant to Family Court Act article 3, in which "[b]ail is not an option" *(supra,* at 681, n). In this case, however, the underlying proceeding was commenced and prosecuted as a criminal action, pursuant to the CPL, in which bail clearly is an option *(see,* CPL art 500 *et seq.),* and defendant was in fact admitted to bail in that action. Defendant's appeal is apparently based upon the claim that County Court lacked jurisdiction to admit defendant to bail because he was less than 16 years old at the time. The claim is patently meritless.

It is clear that defendant's age did not in and of itself affect County Court's jurisdiction over defendant and the underlying

drug-related class B felony charge (*see, People v Parra,* 191 AD2d 465; *People v Brown,* 190 AD2d 742). Infancy is a defense (Penal Law § 30.00) which, when placed in issue at trial, the People must disprove beyond a reasonable doubt (Penal Law § 25.00; *see, People v Parra, supra*). The infancy issue can be raised at any time and the CPL expressly provides the procedures for dealing with the issue at various stages of the criminal proceeding (*see,* CPL 180.75 [during arraignment upon a felony complaint], 190.71 [during proceeding before Grand Jury], 210.43 [after indictment], 220.10 [5] [g] [plea]; 310.85 [verdict upon trial], 330.25 [after a verdict]). CPL article 725 contains the procedure for removal of proceedings against a juvenile offender from criminal court to Family Court. Pursuant to CPL 725.10 (2), the criminal action terminates and the criminal court's jurisdiction ceases upon the filing of an order of removal.

An analysis of the relevant substantive and procedural statutory provisions reveals the absence of any fundamental flaw in the underlying criminal proceeding wherein defendant was charged with the drug-related felony and admitted to bail.\* It is clear from the statutory scheme that a juvenile can be charged with a felony (*see, e.g.,* CPL 180.75), and the criminal proceeding remains viable even though he cannot ultimately be held criminally responsible for the conduct upon which the charge is based. Depending upon the stage of the criminal proceeding at which the issue is raised certain statutorily prescribed procedures must be followed, which can result in transfer of the matter to Family Court. Until the transfer order is filed, however, the criminal proceeding remains viable and the criminal court retains jurisdiction of the matter regardless of whether the defendant can ultimately be held criminally responsible (*see,* CPL 725.10 [2]).

At no time prior to sentencing in the underlying criminal proceeding did defendant raise the defense of infancy, and there is no claim that County Court or the prosecutor or even defense counsel knew or should have known that defendant was more than three years younger than the 19 years of age he claimed to be. As the matter was never transferred to Family Court, the criminal proceeding did not terminate and County Court never lost jurisdiction (*see,* CPL 725.10 [2]). It is clear, therefore, that when defendant failed to appear as

---

\* The CPL expressly recognizes that a juvenile charged with a felony might be admitted to bail pursuant to a "securing order" (*see,* CPL 500.10 [5]) before the issue of his age is raised (*see,* CPL 180.75 [3] [c]; 725.05 [7]).

directed, the required appearance was in connection with a pending indictment charging a class B felony, which is an element of bail jumping in the first degree (*see,* Penal Law § 215.57).

County Court correctly vacated defendant's guilty plea to the drug-related class B felony because the court lacked the authority to accept the plea (*see, People v Boye,* 175 AD2d 924), but the ultimate dismissal of the underlying drug charge on which defendant was admitted to bail cannot affect the validity of the bail jumping charge where, as here, the elements of the bail jumping crime were completed and satisfied prior to the disposition of the underlying charge (*see, People v Eiffel,* 81 NY2d 480, 484). As the alleged defect based upon defendant's infancy defense to the underlying charge does not involve a fundamental matter (*see, People v Di Donato,* 211 AD2d 842, *affd* 87 NY2d 992), we conclude that defendant's plea to the bail jumping charge should not be disturbed and the conviction should be affirmed.

MIKOLL, J. (dissenting). I respectfully dissent. In my view the majority overlooked the effect of the withdrawal of defendant's plea of guilty and the dismissal of indictment No. 91-412, entered November 21, 1991, for lack of jurisdiction because defendant was 15 years of age at the time the criminal acts were committed. At the time of that dismissal, County Court recognized that a mistake of fact (as to defendant's true age) had occurred. Had it been known earlier that defendant was but 15 years old and not criminally liable for the acts alleged in indictment No. 91-412, the indictment would have been dismissed and he would not have been held to answer for a felony (*see,* Penal Law § 215.57). The essential fact is that County Court, when it accepted the plea of guilty to the charge of bail jumping in the first degree (indictment No. 92-311), was aware that defendant could not be held to answer for indictment No. 91-412 because of infancy. Thus, objectively, due to a material mistake of fact, an essential element of the bail jumping charge (*see,* Penal Law § 215.57) was not present, rendering the bail jumping indictment fatally defective. Consequently, County Court improperly accepted defendant's plea of guilty to the charge of bail jumping in the first degree as set forth in indictment No. 92-311. This is not a situation where the defendant had the capacity to commit the underlying felony charge as in *People v Eiffel* (81 NY2d 480, 484). Rather, the defense of infancy was jurisdictional and, once asserted, rendered the alleged felonious acts of defendant a nullity (*see, People v McDermott,* 179 AD2d 685, *lv denied* 79 NY2d 950).

The age misconception initiated a chain of circumstances that deprived defendant of the benefits of Penal Law § 30.00. It is a well-founded principle of criminal law that " 'in cases of doubtful construction * * * that interpretation should be given which best protects the rights of a person charged with an offense' (*People ex. rel. Cosgriff v Craig*, 195 NY 190, 197; *People v Wallens*, 297 NY 57, 62)" (*People v Shurn*, 71 AD2d 610, *affd* 50 NY2d 914). In addition, "criminal statutes must be 'strictly construed against the party seeking their enforcement and in favor of the person being proceeded against' " (*People v Stevenson*, 23 AD2d 472, 476 [Christ, J., dissenting], *revd on dissenting opn below* 17 NY2d 682). In light of the foregoing principles, the intent of the Legislature not to apply bail jumping statutes to juveniles who fail to appear in juvenile court (*see*, *Matter of Natasha C.*, 80 NY2d 678, 681) and the circumstances of this case, I would reverse defendant's conviction for bail jumping in the first degree in violation of Penal Law § 215.57 and dismiss indictment No. 92-311.

CARDONA, P. J., CREW III and YESAWICH JR., JJ., concur with CASEY, J.; MIKOLL, J., dissents in a separate opinion.

Ordered that the judgment is affirmed.