■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD KLUMPP, Appellant. [703 NYS2d 424] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his guilty plea was involuntary as a result of Supreme Court's substitution of another charge for the charge to which defendant pleaded guilty. Defendant was charged with criminal possession of a weapon in the second degree (Penal Law § 265.03), a class C violent felony. Defendant was, therefore, required to enter a plea of guilty to at least a class D violent felony (CPL 220.10 [5] [d] [ii]). Defendant entered a plea of guilty to criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), which is not a class D violent felony (*see*, Penal Law § 70.02 [1] [c]). Consequently, defendant's original plea of guilty was illegal. At sentencing, the court indicated that it must substitute the charge of attempted criminal possession of a weapon in the second degree under count one of the indictment for the charge of criminal posses-

sion in the third degree. The court informed defendant that he would receive the same sentence as agreed upon during the plea colloquy. Although defendant at first indicated confusion, he ultimately indicated on the record that he had "no objection to the difference in the plea". Consequently, defendant waived any objection to the substitution.

Defense counsel was not required to support defendant's *pro se* motion to withdraw the guilty plea, and we conclude that defense counsel did not take a position adverse to defendant (*see, People v Jones,* 261 AD2d 920, *lv denied* 93 NY2d 972; *cf., People v Burton,* 251 AD2d 1020; *People v Chrysler,* 233 AD2d 928). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Attempted Criminal Possession Weapon, 2nd Degree.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Scudder, JJ.