THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMON J. McKOY, Appellant. [875 NYS2d 721]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered February 10, 2005. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree (two counts), sodomy in the first degree, and assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of assault in the second degree and dismissing count 14 of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him as a juvenile offender upon his plea of guilty of two counts of murder in the second degree (Penal Law § 125.25 [1]), and one count each of sodomy in the first degree (former § 130.50 [1]) and assault in the second degree (§ 120.05 [6]), defendant contends that his plea was not voluntarily entered; that he was denied effective assistance of counsel; and that County Court abused its discretion in denying his motion to withdraw the plea without conducting a hearing or assigning defendant new counsel. We reject those contentions. With respect to the contentions of defendant concerning the voluntariness of the plea, i.e., that he is innocent but entered the plea as the result of duress and coercion, and the alleged denial of effective assistance of counsel, we conclude that those contentions are belied by his statements during the plea colloquy (see People v Brown, 59 AD3d 937 [2009]; People v Kimmons, 39 AD3d 1180 [2007]; People v Farley, 34 AD3d 1229, 1230 [2006], lv denied 8 NY3d 880 [2007]). The record also does not support the contention of defendant that defense counsel took a position adverse to that of defendant during argument of his pro se motion to withdraw the plea (see People v Klumpp, 269 AD2d 798, 799 [2000], lv denied 94 NY2d

922 [2000]), and thus it was not necessary for defense counsel to seek to withdraw as defendant's attorney or for the court to assign new counsel for the motion (*cf. People v Hunter*, 35 AD3d 1228 [2006]; *People v Singletary*, 233 AD2d 849 [1996]). The sentence is not unduly harsh or severe.

Finally, although not raised by defendant on appeal, we conclude that the court was not authorized to accept a plea of guilty to count 14 of the indictment, assault in the second degree. As a juvenile offender, defendant cannot be held criminally responsible for that crime in accordance with paragraph (2) of CPL 1.20 (42) (*see* Penal Law § 30.00 [2]; *People v Boye*, 175 AD2d 924 [1991]; *see also People v Holmes*, 220 AD2d 109, 112 [1996], *affd* 89 NY2d 838 [1996]; *People v Stowe*, 15 AD3d 597, 598 [2005], *lv denied* 5 NY3d 770 [2005]). We conclude, however, that the plea to that count of the indictment is not "an integral part of a nonseverable plea bargain . . .[, and thus only count 14 of the indictment] must . . . be set aside and deemed a nullity" (*Boye*, 175 AD2d 924 [1991]). We therefore modify the judgment accordingly. Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Gorski, JJ.