# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1178**

**KA 12-00894**

PRESENT: SMITH, J.P., CENTRA, FAHEY, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TYLER L., DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CHARLES J. GREENBERG OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from an adjudication of the Ontario County Court (Frederick G. Reed, A.J.), rendered April 25, 2012. Defendant was adjudicated a youthful offender upon his plea of guilty to robbery in the second degree (four counts).

It is hereby ORDERED that the adjudication so appealed from is unanimously modified on the law by vacating those parts that replaced the conviction on counts two and seven of the indictment and dismissing those counts of the indictment, and as modified the adjudication is affirmed.

Memorandum: Defendant appeals from a youthful offender adjudication based upon his plea of guilty of four counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]). Defendant contends, and the People correctly concede, that County Court was not authorized to accept the plea of guilty with respect to counts two and seven of the indictment, charging him with robbery in the second degree under section 160.10 (1). As a juvenile offender who was 15 years old at the time of the crimes, defendant cannot be held criminally responsible for robbery in the second degree pursuant to that subdivision (*see* CPL 1.20 [42]; Penal Law §§ 10.00 [18]; 30.00 [2]). We conclude that the portion of the plea with respect to those counts of the indictment is not "an integral part of a nonseverable plea bargain" (*People v Boye*, 175 AD2d 924, 924), and that the plea with respect to those counts of the indictment must be vacated and "deemed a nullity" (*id.*; *see People v McKoy*, 60 AD3d 1374, 1375, *lv denied* 12 NY3d 856; *People v Stowe*, 15 AD3d 597, 598, *lv denied* 5 NY3d 770). We therefore modify the adjudication accordingly.

Defendant further contends that the court erred in denying that part of his omnibus motion seeking removal of this matter to Family Court pursuant to CPL 210.43 (1). We reject that contention. The court properly considered the statutory factors (*see* CPL 210.43 [2]),

and it is well settled that removal to Family Court over the District Attorney's objections may be ordered only "in the exceptional case" (*Matter of Vega v Bell*, 47 NY2d 543, 553).  Inasmuch as the prosecutor objected and defendant failed to establish that this is an exceptional case, we conclude that the court did not abuse its discretion in denying defendant's request (*see People v Sanchez*, 128 AD2d 816, 816-817, *lv denied* 70 NY2d 655; *see generally People v Charles M.*, 286 AD2d 942, 942-943).

Finally, the sentence is not unduly harsh or severe.

Entered:  November 15, 2013

Frances E. Cafarell
Clerk of the Court