People v Juin (2021 NY Slip Op 04669)





People v Juin


2021 NY Slip Op 04669


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-13111
2018-13112

[*1]The People of the State of New York, respondent,
v
Stanley Juin, appellant. (Ind. Nos. 17-00371, 17-00435)


Warren S. Hecht, Forest Hills, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the County Court, Rockland County (David S. Zuckerman, J.), both imposed October 2, 2018, under Indictment Nos. 17-00371 and 17-00435, respectively, sentencing him to eight determinate terms of imprisonment of 2 years, to be followed by 2 years of postrelease supervision, upon his convictions of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree (four counts), with the sentences imposed under counts 1 and 2 to run concurrently with each other, the sentences imposed under counts 3 and 4 to run concurrently with each other, the sentences imposed under counts 5 and 6 to run concurrently with each other, and the sentences imposed under counts 7 and 8 to run concurrently with each other, but otherwise all sentences to run consecutively to each other under Indictment No. 17-00371, and to a concurrent indeterminate term of imprisonment of 1 to 3 years, upon his conviction of criminal possession of a forged instrument in the second degree under Indictment No. 17-00435, upon a jury verdict under Indictment No. 17-00371, and upon his plea of guilty under Indictment No. 17-00435, on the ground that the sentences were excessive.
ORDERED that the sentence imposed under Indictment No. 17-00371 is modified, as a matter of discretion in the interest of justice, by reducing the terms of imprisonment imposed on the convictions of criminal sale of a controlled substance in the third degree under count 1 of the indictment and criminal possession of a controlled substance in the third degree under count 2 of the indictment from determinate terms of imprisonment of 2 years to determinate terms of imprisonment of 1 year, and by providing that the sentences imposed upon the convictions of criminal sale of a controlled substance in the third degree under count 3 of the indictment and criminal possession of a controlled substance in the third degree under count 4 of the indictment shall run concurrently with the sentences imposed upon the other counts of the indictment; as so modified, the sentence imposed under Indictment No. 17-00371 is affirmed; and it is further,
ORDERED that the sentence imposed under Indictment No. 17-00435 is affirmed.
Under Indictment No. 17-00371, the defendant was convicted, after a jury trial, of [*2]four counts of criminal sale of a controlled substance in the third degree and four counts of criminal possession of a controlled substance in the third degree. The evidence at trial established that on four separate occasions in June 2017, the defendant sold small amounts of cocaine to a confidential police informant. The aggregate value of the cocaine sold on all four occasions was $800. Under Indictment No. 17-00435, the defendant pleaded guilty to criminal possession of a forged instrument in the second degree after the police found him to be in possession of a fraudulent credit card. For the convictions under Indictment No. 17-00371, the County Court imposed determinate sentences of imprisonment of 2 years, to be followed by 2 years of postrelease supervision on each count, and ran each count of criminal sale of a controlled substance in the third degree concurrent with the corresponding count of criminal possession of a controlled substance in the third degree for the same transaction, but otherwise ran the sentences consecutively to each another, for an aggregate sentence of 8 years' imprisonment. In accordance with the plea agreement under Indictment No. 17-00435, the court sentenced the defendant to an indeterminate term of imprisonment of 1 to 3 years upon his conviction of criminal possession of a forged instrument in the second degree, to run concurrently with the sentences imposed under Indictment No. 17-00371. The defendant appeals from the sentences, contending that they are excessive.
Contrary to the People's contention, the defendant's purported appeal waiver was invalid. The County Court's oral colloquy and the written appeal waiver mischaracterized the nature of the appeal waiver as an absolute bar to the taking of a direct appeal and a forfeiture of the attendant right to counsel and poor person relief (see People v Bisono, 36 NY3d 1013; People v Thomas, 34 NY3d 545). Accordingly, the purported appeal waiver does not bar review of the defendant's contention that the sentence imposed under Indictment No. 17-00435 was excessive.
To the extent the defendant seeks a reduction in the periods of postrelease supervision so as to run them concurrently with each another, we note that the periods of postrelease supervision will merge by operation of law (see Penal Law § 70.45[5][c]), and, thus, no modification is necessary with respect to the periods of postrelease supervision imposed (cf. People v Valdiviezo, 162 AD3d 800, 801).
The sentence of imprisonment imposed under Indictment No. 17-00371 is excessive to the extent indicated (see CPL 470.15[6][b]; People v Suitte, 90 AD2d 80).
Contrary to the defendant's contention, the sentence imposed under Indictment No. 17-00435 was not excessive.
AUSTIN, BARROS and BRATHWAITE NELSON, JJ., concur.
DILLON, J.P., concurs in part and dissents in part, and votes to affirm the sentences, with the following memorandum, in which CHRISTOPHER, J., concurs:
I agree with our colleagues that the defendant's purported waiver of the right to appeal in connection with his plea of guilty to criminal possession of a forged instrument in the second degree was invalid, and therefore does not preclude our consideration of whether the defendant's sentence imposed upon that conviction is harsh or excessive (see CPL 470.15[6][b]; People v Bisono, 36 NY3d 1013, 1017-1018).
The defendant's convictions, upon a jury verdict, of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree (four counts), were each class B felonies punishable by determinate sentences of imprisonment of between 1 and 9 years on each count (Penal Law §§ 220.16; 220.39; see Penal Law § 70.70[2][a][i]). The defendant received sentences of 2 years' imprisonment running concurrently for each individual date of possession and sale, but consecutive to each of the other sets of convictions for possession and sale, for an aggregate term of 8 years' imprisonment, plus postrelease supervision. Under a second indictment, the defendant pleaded guilty to criminal possession of a forged instrument in the second degree, a class D felony (Penal Law § 170.25). That offense is punishable by an indeterminate sentence of a maximum of 3 to 7 years of imprisonment and a minimum of 1 year to one-third of the maximum (see Penal Law § 70.00[2][d]; [3][b]). The County [*3]Court imposed a term of imprisonment of 1 to 3 years, to run concurrently with the drug-related sentences.
The convictions for criminal sale of a controlled substance in the third degree were multiple. The defendant maintained in the presentence report, and counsel repeated at the sentencing proceeding, that he sold drugs only to support his personal cocaine habit. However, the County Court rejected such claim as video evidence showed that the defendant ran his drug business for profit and, according to the court, the defendant had people working for him who were also selling drugs. Indeed, on a video recording, the defendant described his drug dealing to a confidential informant as a "business." Moreover, at the time of the arrest that led to the defendant's plea of guilty to criminal possession of a forged instrument in the second degree, for which the defendant was concurrently sentenced at the same proceeding, he was found to have been in possession of glassine envelopes and a scale in his car. Furthermore, as described by the court, the defendant's conduct depicted in the video recordings admitted into evidence at trial is in stark contrast to what the defendant told the probation department during the presentence investigation, namely, that he sold drugs merely to support a personal habit. Therefore, an issue exists as to whether the defendant was truthful and whether the remorse he expressed was genuine. The court, from its perch seeing and observing the defendant, did not find his expression of remorse credible, which appears from a reading of the sentencing transcript to have been the primary reason for the sentences imposed. Indeed, the defendant's statement to the court at sentencing was entirely self-focused, and failed to acknowledge the impact of his actions on his community and society in general. Moreover, the defendant had four prior drug-related misdemeanor convictions in New York and New Jersey during the seven years preceding his arrest in these matters, demonstrating a marked escalation of his drug-related behavior from mere possession in the prior matters to the sales at issue here.
The sentence imposed on the conviction for criminal possession of a forged instrument in the second degree was the statutory permissible minimum.
As far as the sentences for the drug possession and sale are concerned, all things considered, the County Court entertained all arguments by the defendant and the People, as well as the material in the presentence report, and properly exercised its sentencing discretion in such manner and amount that the sentences imposed were not harsh or excessive (see People v Janvier, 186 AD3d 1247, 1249-1250; People v Suitte, 90 AD2d 80, 86).
ENTER:
Aprilanne Agostino
Clerk of the Court