People v Deans (2021 NY Slip Op 05712)





People v Deans


2021 NY Slip Op 05712


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-10502
2018-10503
 (Ind. No. 14-00564, S.C.I. No. 17-00795)

[*1]The People of the State of New York, respondent,
v
Tashay D. Deans, appellant.
 


David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.
Anthony N. Iannarelli, Jr., New York, NY, for appellant.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from (1) an amended sentence of the County Court, Orange County (Craig Stephen Brown, J.), imposed February 15, 2018, under Indictment No. 14-00564, revoking the probation component of a split sentence of incarceration and probation previously imposed by the same court, upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction, and (2) a sentence of the same court, also imposed February 15, 2018, under S.C.I. No. 17-00795, upon his plea of guilty, on the ground that the amended sentence and the sentence were excessive.
ORDERED that the amended sentence and the sentence are affirmed.
Contrary to the People's contention, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Burbridge, 194 AD3d 831, 832). Accordingly, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claims (see People v Dixon, 163 AD3d 988, 988).
To the extent the defendant seeks a reduction in the periods of postrelease supervision so as to run them concurrently with each other, we note that the periods of postrelease supervision will merge by operation of law (see Penal Law § 70.45[5][c]), and, thus, no modification is necessary with respect to the periods of postrelease supervision imposed (see People v Juin, _____ AD3d _____, 2021 NY Slip Op 04669 [2d Dept]). Furthermore, the County Court's determination to run the incarceratory portions of the amended sentence and the sentence consecutively did not result in an excessive aggregate sentence (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court