People v Shelton (2022 NY Slip Op 01050)





People v Shelton


2022 NY Slip Op 01050


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-06772 
2019-06776
2019-06777
(Ind. Nos. 157/17, 237/17, 10/18)

[*1]The People of the State of New York, respondent,
v
Malique Shelton, appellant. 


Andrew E. MacAskill, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley, Andrea M. DiGregorio, and Libbi L. Vilher of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from three judgments of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), all rendered April 10, 2019, convicting him of murder in the second degree (two counts) under Indictment No. 157/17, robbery in the first degree under Indictment No. 237/17, and attempted assault in the first degree and criminal possession of a weapon in the second degree under Indictment No. 10/18, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgment rendered under Indictment No. 157/17 is modified, on the law, by vacating the conviction of murder in the second degree under count 3 of the indictment, vacating the sentence imposed thereon, and dismissing count three of the indictment; as so modified, the judgment is affirmed; and it is further,
ORDERED that the judgment rendered under Indictment No. 237/17 is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed; and it is further,
ORDERED that the judgment rendered under Indictment No. 10/18 is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed; and it is further,
ORDERED that the matters are remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain"(People v Rudolph, 21 NY3d 497, 501). Here, the defendant pleaded guilty to robbery in the first degree under count 1 of Indictment No. 237/17, and to attempted assault in the first degree and criminal possession of a weapon in the second degree under counts 5 and 11 of Indictment No. 10/18. These convictions constitute armed felonies (see CPL 1.20[41]; Penal Law §§ 70.02, 160.15[4]; 110.00, 120.10, 265.03[3]), for which the Supreme Court was required to determine on the record whether the defendant was an "eligible youth" (CPL 720.10[2][a][ii]), by considering the presence or absence of the factors set forth in CPL 720.10(3), and, if so, whether he [*2]should be afforded youthful offender status (see People v Middlebrooks, 25 NY3d 516, 519; People v St. Hill, 193 AD3d 987, 987; People v Ali-Williams, 172 AD3d 890, 891; People v Lessane, 169 AD3d 827, 828). As the People concede, the record does not demonstrate that the court made that determination. Accordingly, the sentences on those counts must be vacated and the matter remitted to the Supreme Court, Nassau County, for resentencing after making this determination.
The Supreme Court was not authorized to accept a plea of guilty to count 3 of Indictment No. 157/17. As a juvenile offender, the defendant cannot be held criminally responsible for felony murder where the underlying felony, attempted robbery, is a crime for which he cannot be held criminally responsible (see CPL 1.20[42][2]; Penal Law § 30.00[2]; People v Stowe, 15 AD3d 597, 598; Matter of Tracy C., 186 AD2d 250, 251; People v Smith, 152 AD2d 56, 61). Accordingly, as the People concede, the defendant's plea of guilty to murder in the second degree under count 3 of Indictment No. 157/17 must be set aside (see People v Stowe, 15 AD3d at 598; People v Boye, 175 AD2d 924).
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid. The Supreme Court's oral colloquy and written appeal waiver mischaracterized the nature of the appeal waiver as an absolute bar to the taking of a direct appeal and a forfeiture of the attendant right to counsel and poor person relief (see People v Bisono, 36 NY3d 1013; People v Thomas, 34 NY3d 545; People v Juin, 197 AD3d 571, 573). However, contrary to the defendant's contention, the sentence imposed under count 8 of Indictment No. 157/17 was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court