People v Martinez (2022 NY Slip Op 05715)

People v Martinez

2022 NY Slip Op 05715

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-07348
 (Ind. No. 324/18)

[*1]The People of the State of New York, respondent,
v
Keanu Martinez, appellant.

Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Deborah E. Wassel of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Gia Lynne Morris, J.), imposed September 10, 2021, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid. The defendant's written waiver mischaracterized the nature of the waiver as an absolute bar to the taking of a direct appeal and a forfeiture of the attendant right to counsel and poor person relief (see People v Thomas, 34 NY3d 545; People v Shelton, 202 AD3d 1001, 1003), and as encompassing an absolute bar to the pursuit of postconviction collateral relief, including relief pursuant to CPL 440.10 and 440.20 (see People v Reynolds, 186 AD3d 1535, 1535). These incorrect statements were not corrected by the Supreme Court during its oral appeal waiver colloquy (see People v Santillan, 200 AD3d 1074, 1075). Moreover, during the oral appeal waiver colloquy, the court failed to explain the nature of the right to appeal (People v Jackson, 166 AD3d 649, 650). Thus, the defendant's purported waiver of his right to appeal was invalid and does not preclude appellate review of his excessive sentence claim (see People v Lorenzo-Perez, 203 AD3d 847, 847).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court