People v Walker (2025 NY Slip Op 00340)

People v Walker

2025 NY Slip Op 00340

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-01212
 (Ind. No. 70645/21)

[*1]The People of the State of New York, respondent,
v
Undine Walker, appellant.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Rhys Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a sentence of the Supreme Court, Richmond County (Lisa Grey, J.), imposed December 22, 2022, upon her plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, under the circumstances of this case, the defendant's purported waiver of her right to appeal was invalid. The Supreme Court failed to advise the defendant that the waiver of the right to appeal did not encompass the loss of attendant rights to counsel and poor person relief (see People v Ortega, 228 AD3d 784, 784; People v Hopkins, 227 AD3d 734, 734). Moreover, the written waiver of the right to appeal, as executed by the defendant, did not include clarifying language regarding which issues survived the appeal waiver (see People v Boykin, 219 AD3d 499, 499; People v Marinelli, 205 AD3d 734, 734), and failed to inform the defendant that the waiver of the right to appeal did not waive her "'right to prosecute an appeal as a poor person, and to have an attorney assigned if indigent'" (People v Stokes, 232 AD3d 631, 631, quoting People v Shanks, 37 NY3d 244, 253 [alterations and internal quotation marks omitted]; see People v Juin, 197 AD3d 571, 573). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court