THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN T. EDWARDS, Respondent, *v.* SUPERINTENDENT OF BELLEVUE AND ALLIED HOSPITALS OF THE CITY OF NEW YORK et al., Appellants.

**Habeas corpus — Insanity Law — inquiry on habeas corpus confined to single point of jurisdiction — arraignment of apparently insane person before magistrate — immediate commitment not required — power to adjourn — duty of magistrate to conduct proceeding in summary manner — commitment upon hearing and decision after adjournments not void — jurisdiction not lost by transfer of proceeding by consent from one magistrate to another.**

1. Upon a writ of habeas corpus the inquiry is confined to the single point of jurisdiction. The question is not whether the action of the magistrate is improvident or erroneous. The question is whether it is void.

2. Section 87 of the Insanity Law (Cons. Laws, ch. 27), providing, in the city of New York, for the arrest of an apparently insane person and " if upon arraignment it appears to the magistrate issuing the warrant that the person so arraigned before him is apparently insane," for his commitment for examination, does not require commitment

at once upon arraignment.. The power to adjourn is a necessary incident to the power to determine. "Upon arraignment" means "after" or "following" arraignment and is not confined to action on the impressions of the moment.

3. It is the duty of the magistrate to conduct the proceeding in a summary manner, and to reach his decision with all reasonable dispatch. If, however, adjournment is taken and thereafter he proceeds to hearing and decision, the commitment is not void, and this is equally so whether the adjournments have been few or many.

4. Nor is jurisdiction lost through the transfer of the proceeding by consent from one magistrate to another. Section 73 of the Inferior Criminal Courts Act (L. 1910, ch. 659, amd. L. 1915, ch. 531) permits the transfer of a hearing from one magistrate to another in cases of disability or absence, and prohibits such a transfer in other circumstances except for cause entered on the minutes. Here the minutes show that the transfer was by consent. This is a sufficient statement of the cause to give validity to the proceeding, when assailed, not for irregularity or error, but for lack of jurisdiction.

*People ex rel. Edwards* v. *Superintendent, etc.,* 203 App. Div. 598, reversed.

(Argued February 27, 1923; decided April 17, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 28, 1922, sustaining a writ of habeas corpus and directing the discharge of relator.

*George P. Nicholson, Corporation Counsel* (*W. Cleveland Runyon, John F. O'Brien* and *George H. Cowie* of counsel), for appellants. The Appellate Division erred in holding that a commitment under section 87 of the Insanity Law can only be made by the magistrate "at the time of arraignment" (according to the strict meaning of the term) and by the magistrate presiding at the time when the relator is first brought into court. (*Stuart* v. *Palmer,* 74 N. Y. 183; *People ex rel. Reisner* v. *N. Y. Nursery,* 190 App. Div. 562; *Smith* v. *People,* 47 N. Y. 330; *People* v. *Lytle,* 7 App. Div. 553; *Ash Sheep Co.* v. *United*

*States,* 252 U. S. 159; *United States* v. *Corbett,* 215 U. S. 233.)

Mirabeau L. Towns, Abraham Simonoff and James H. Farrell for respondent. Section 87 of the Insanity Law must be construed strictly in favor of relator. (*People* v. *Gray,* 145 N. Y. 190; *Matter of Bischoff,* 80 App. Div. 326; *People* v. *Equitable Gas Light Co.,* 6 N. Y. Cr. Rep. 189; *People* v. *Bradner,* 107 N. Y. 1; 44 Hun, 233.)

CARDOZO, J.    On January 9, 1922, there was lodged with one of the magistrates of the city of New York an affidavit, which, after describing the relator's conduct, expressed the belief that he was insane, and prayed his commitment to the custody of the board of trustees of Bellevue and Allied Hospitals for examination as to his sanity.   Upon this information, a warrant was issued, and two days thereafter the relator was arraigned in the Magistrate's Court for the third district before the magistrate then presiding.   An adjournment was ordered to January 13, the relator being paroled in the custody of his counsel and thereafter there were successive adjournments, all by consent, till March 23, when, again by consent, a trial was directed before another magistrate, sitting in the same court.   This magistrate heard testimony both in support of the information and against it.   More than ten months after arraignment, on November 18, 1922, the case was finally submitted.   In the meantime, thirty-one adjournments had been ordered, the relator on every occasion consenting thereto.   On November 18, 1922, the magistrate signed a warrant of commitment reciting that the relator was apparently insane and directing that he be committed to the care and custody of the trustees of Bellevue and Allied Hospitals at Bellevue Hospital in the city of New York until the question of his sanity could be determined in accordance with law, the detention not to exceed ten days.   Before the ten days had expired, the

relator, while still under examination at the hospital, sued out a writ of habeas corpus, which was made returnable at the Appellate Division. That court held the commitment void for two reasons. One was that the Insanity Law did not contemplate a trial by the magistrate or even an adjournment, but summary action at the time of the arraignment. Another was that jurisdiction was confined to the magistrate then presiding. The writ was accordingly sustained, and the relator discharged.

Upon this writ of habeas corpus, the inquiry is confined to the single point of jurisdiction (*People ex rel. Doyle* v. *Atwell*, 232 N. Y. 96). The question is not whether the action of the magistrate is improvident or erroneous. The question is whether it is void. The Insanity Law provides (§ 87; Consol. Laws, ch. 27) that " whenever in the city of New York an information is laid before a magistrate that a person is apparently insane," a warrant of arrest shall issue. The proceeding is not one for the punishment of crime. The state intervenes in the capacity of *parens patriæ* for the welfare of its wards (*People ex rel. Riesner* v. *N. Y. N. & O. Hospital*, 230 N. Y. 119, 122). " If upon arraignment it appears to the magistrate presiding that the person so arraigned before him is apparently insane," it shall be the duty of the magistrate " to commit such apparently insane person to the care and custody of the board of trustees of Bellevue and Allied Hospitals at Bellevue Hospital," and therein kept " in a safe and comfortable place " until the question of his sanity be determined as prescribed by law. We cannot yield assent to a ruling that jurisdiction is lost if the commitment is not ordered at once upon arraignment. Injustice may be done either to the complainant or to the prisoner if the magistrate be without power to inquire and deliberate. A lunatic whose vagaries of conduct have been manifest without the court house may give no hint of lunacy when arraigned within its walls. In such

402   People ex rel. Edwards *v.* Superintendent, etc.

[235 N. Y. 398]        Opinion, per Cardozo, J.            [April,

circumstances, the sworn information may not satisfy the conscience of the magistrate. Inquiry of the complainant or of others may be necessary to inform him whether the charge has been laid in sincerity or in malice. To this end, the power to adjourn is a necessary incident to the power to determine. " Upon arraignment " means " after " or " following " arraignment, and is not confined to action on the impressions of the moment.

We have no doubt that it is the duty of the magistrate to conduct the proceeding in a summary manner, and to reach his decision with all reasonable dispatch. He is not to determine whether the prisoner is insane. The very purpose of the commitment is to supply an opportunity for the determination of that question upon fuller observation. He is to determine merely whether the evidences of insanity are such as to show the need of examination by those best qualified to examine. A magistrate, mindful of his duty and of the purpose of the statute, will not enter upon a protracted trial, when the proceeding, brought to a conclusion, will at best culminate in a form of relief that is provisional and tentative. He will find a very practical objection to adjournment in the fact that there is no provision in the statute for intermediate detention. The suspected lunatic may not be committed to a jail (Insanity Law, § 87). He may not be placed for observation in the custody of the trustees of Bellevue and Allied Hospitals until found to be apparently insane. All that the magistrate may do is to parole him, unless power to confine " in some safe and comfortable place " exists by implication (Insanity Law, § 87; *People ex rel. Riesner* v. *N. Y. N. & O. Hospital, supra,* at p. 122), and parole involves the risk of disappearance if the time shall arrive when custody is to be resumed. Not in every case will it be prudent that the risk be taken. If, however, it *is* taken, and the magistrate, after adjournment, proceeds to hearing and decision, the commitment is not void because the flight of the prisoner might have

made it ineffective. This is equally so whether the adjournments have been few or many. When once we concede that there may be some adjournment and some inquiry, repetition and delay, though susceptible of abuse, do not terminate jurisdiction when they have the prisoner's consent (*Comm.* v. *Mahoney*, 145 Mass. 205, 208; cf. Code Crim. Pro. § 191). The relator, to prevail, must be able to fix the stage at which jurisdiction was divested. This he cannot do. Indeed he shares with the complainant the blame of the extended trial, for the record makes it plain not only that the adjournments were taken with his consent, but that many were for the purpose of receiving testimony which was offered in his behalf. The upshot of the matter is that the magistrate made after long inquiry and much reflection the commitment which might better have been made upon the spot. The grievance is not that he failed to deliberate, but that he deliberated too well. The information was still on file, undisposed of, when the decision was announced. A new warrant of arrest could have issued at any time to bring the suspected lunatic into court if there had been a breach of his parole (1 Bishop New Criminal Procedure, § 263-a). His presence made it needless to resort to such constraint. If the matter were still pending, and the relator were seeking by mandamus to compel a prompt decision, a different question would be here. Now that the decision has been made, we cannot find it void for the reason merely that it is belated.

The intermediate proceedings between arraignment and commitment, so far as they involve the calling and examination of witnesses, may, indeed, for the purpose of this writ, be disregarded as irrelevant. If the magistrate, acting upon the information and nothing else, had waited for a day or longer before issuing the warrant, the commitment would stand, though the relator by timely action might have had relief against delay. The like is true of the effect of the commitment when delay has extended,

404    People ex rel. Edwards *v.* Superintendent, etc.

[235 N. Y. 398]        Opinion, per Cardozo, J.        [April,

by consent, over a period of months. Remedies which might once have been invoked against inaction or oppression, while delay was still operative, have ceased to be available when delay is at an end. In brief the relator stands committed for examination as to sanity. The term of his commitment is not to exceed ten days. At the end of that term he will either be found to be insane, or become entitled to his discharge. He is lawfully detained, and must abide the outcome of the test.

We think that jurisdiction was not lost through the transfer of the proceeding by consent from one magistrate to another. Before its amendment in 1919 (L. 1919, ch. 380), the statute (Insanity Law, § 87) required the alleged lunatic to be brought " before the magistrate issuing the warrant." The amendment substituted a provision that he be brought " before the magistrate's court out of which the warrant was issued." Section 73 of the Inferior Criminal Courts Act (L. 1910, ch. 659, as amended by L. 1915, ch. 531) permits the transfer of a hearing from one magistrate to another in cases of disability or absence, and prohibits such a transfer in other circumstances except for cause entered on the minutes. Here the minutes show that the transfer was by consent. This is a sufficient statement of the cause to give validity to the proceeding, when assailed, not for irregularity or error, but for lack of jurisdiction.

The order of the Appellate Division should be reversed, the application denied and the relator remanded.

Hiscock, Ch. J., Pound and McLaughlin, JJ., concur; Hogan, Crane and Andrews, JJ., dissent.

Ordered accordingly.