50 N.Y.2d 914 (1980)
The People of the State of New York, Appellant,
v.
Harry Shurn, Respondent.
Court of Appeals of the State of New York.
Submitted May 2, 1980.
Decided June 12, 1980.
Carl A. Vergari, District Attorney (Anthony Joseph Servino of counsel), for appellant.
Daniel A. O'Connor and Timothy P. Coon for respondent.
Chief Judge COOKE and Judges GABRIELLI, JONES and WACHTLER concur; Judge MEYER dissents and votes to reverse in a dissenting memorandum in which Judges JASEN and FUCHSBERG concur.
*915 MEMORANDUM.
The order of the Appellate Division should be affirmed for the reasons stated in the memorandum at the Appellate Division. We do not read the inclusion of the word "voluntarily" in section 215.57 of the Penal Law to eliminate the grace period, present in the predecessor statutes, which reasonably limits the scope of this nonintent crime (see Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 215.56, p 536). This construction makes certain when the crime is committed rather than leaving the determination to the fortuitous event of arrest.
MEYER, J. (dissenting).
I disagree for the reasons stated in the dissenting opinion of Mr. Justice M. HENRY MARTUSCELLO at the Appellate Division (71 AD2d 610) to which I add only that the word "voluntarily" changed nothing in section 215.57 of the Penal Law if it does not mean that a defendant who fails to appear when required must voluntarily appear within 30 days and before arrest if he is to escape additional punishment. If he appears within 30 days because he is arrested on a bench warrant he has not met the requirement for voluntariness and may be prosecuted under section 215.57.
Order affirmed in a memorandum.