OPINION OF THE COURT
Patrick D. Monserrate, J.
The defendant has moved, pursuant to CPL 210.30, to have this court review the minutes of the proceedings before the Grand Jury leading to the subject indictment and, in the event that the court finds that the evidence submitted to the Grand Jury was legally insufficient, to dismiss the indictment. The court has reviewed the Grand Jury minutes (with the consent of the People), and finds them to be deficient as a matter of law.
The subject indictment charges the defendant with the crime of bail jumping in the first degree, in violation of section 215.57 of the Penal Law, a class E felony. The facts surrounding the charge are uncomplicated and uncontroverted.
On September 15, 1980, the defendant was convicted in the Chemung County Court, following a jury trial, for the crimes of arson in the third degree and conspiracy in the second degree. On October 9, 1980, he was sentenced to indeterminate terms of imprisonment at a State correctional facility in connection with each conviction. The defendant appealed his conviction to the Appellate Division, Third Department, and during the appellate process made successful application to remain at liberty on bail pending review of his convictions.
*284 Those convictions were affirmed by the Appellate Division under date of October 30, 1981 (84 AD2d 691), and leave to appeal to the Court of Appeals was denied by a Judge thereof under date of November 12, 1981 (55 NY2d 753).
Thereafter, appropriate steps were taken by the Che-mung County Court (pursuant to CPL 460.50) to have the defendant surrender himself to commence or resume service of his terms of imprisonment. Testifying before the Grand Jury which rendered the subject indictment, the presiding Judge indicated that he had initially scheduled the appearance of the defendant for Monday, November 16, 1981, and had subsequently adjourned it to Friday, November 20,1981, on which date, due to the nonappearance of the defendant, the court had forfeited the defendant’s bail. The resulting indictment was filed against the defendant on December 17, 1981.
The statute defining the crime of bail jumping in the first degree (Penal Law, § 215.57) is somewhat unique in the criminal law in that, in addition to establishing an act which constitutes a violation of the law (a nonappearance in court on a pending felony charge when so required by the court), it provides for a 30-day “grace period” during which a nonappearing defendant may insulate himself from prosecution for “bail jumping” by making a voluntary appearance prior to the expiration of such time period. The legal effect of this provision has been described as rendering the crime of bail jumping to be “inchoate” during that period and, therefore, that “the crime of bail jumping is not complete until 30 days have expired after failure to appear”. (People v Shurn, 71 AD2d 610, affd 50 NY2d 914.)
From the testimony of the presiding Judge before the Grand Jury in this case, it is clear that the defendant’s 30-day grace period commenced on Friday, November 20, 1981 (the adjourned date for the defendant’s appearance in Chemung County Court), and would have continued until December 20, 1981 (or arguably December 21, since the former date fell on a Sunday). In any event, the time within which the defendant could have appeared (and the coincident time prior to which the crime was incomplete) had not expired by December 17, 1981, the date on which *285 the subject indictment was filed — which fact is fatal to a valid indictment.
It is, therefore, the opinion of this court that the subject indictment should be dismissed; with leave, however, for the matter to be resubmitted on behalf of the People to a Grand Jury in the event that proof could be adduced before them that the defendant had in fact failed to appear voluntarily prior to the expiration of the 30-day period to which he was entitled under the law.
Prior to such resubmission, the District Attorney will undoubtedly consider the related argument raised by counsel for the defendant in connection with the present motion to the effect that the arrest of the defendant in Houston, Texas, on or about December 17, 1981 (as a fugitive from the justice of the State of New York), constituted a purgative “voluntary” appearance as that term has been interpreted by our Court of Appeals (People v Shurn, supra). This court makes no comment or determination with respect to the applicability of that line of apparent authority to the instant case, since to do so would be as premature as was the instant indictment.
The indictment is dismissed.