■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GEORGE EIFFEL, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Appelman, J.), dated November 29, 1991, which, upon granting the defendant's motion to reduce the charge in Queens County Indictment No. 3279/89 from bail jumping in the first degree to bail jumping in the third degree, reduced the charge accordingly.

Ordered that the order is reversed, on the law, the defendant's motion to reduce the charge in Queens County Indictment No. 3279/89 to bail jumping in the third degree is denied, the charge of bail jumping in the first degree is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The defendant was indicted for rape in the first degree, rape in the third degree, and sexual abuse in the second degree under Queens County Indictment No. 2495/88. The defendant remained at liberty on his own recognizance throughout his case, which was moved to trial on May 8, 1989. The defendant absconded on May 11, 1989. After a *Parker* hearing *(see, People v Parker,* 57 NY2d 136, 140), the defendant was tried in absentia commencing on or about May 15, 1989, and continuing until May 24, 1989. The charge of rape in the first degree was dismissed by the court at the close of the People's case, and the jury acquitted the defendant of the charge of rape in the third degree. On July 5, 1989, the court sentenced the defendant to a term of one year imprisonment on his conviction of sexual abuse in the second degree, a class A misdemeanor.

The defendant was returned on a warrant on October 4, 1991. On that same day Indictment No. 3279/89, charging the defendant with bail jumping in the first degree, was filed in the Supreme Court, Queens County. Upon the defendant's motion, the court reduced the charge in the indictment to bail jumping in the third degree. We reverse.

Penal Law § 215.57 provides that: "A person is guilty of bail

jumping in the first degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with an indictment pending against him which charges him with the commission of a class A or class B felony, and when he does not appear personally on the required date or voluntarily within thirty days thereafter."

At the time the defendant absconded he was charged, *inter alia,* with a class B felony (rape in the first degree). This charge was dismissed within the 30-day grace period provided for in the statute for the defendant to appear voluntarily. However, contrary to the defendant's contention, the statute does not require the continued pendency of a class A or B felony indictment for the 30-day period in order to sustain a charge of bail jumping in the first degree. The crime of bail jumping in the first degree is committed when a person, such as the defendant in this case, is released by court order upon bail or his own recognizance, and fails to make a scheduled court appearance to answer the charge of a class A or B felony which has been lodged against him, within a specified period of time. The defendant's ultimate success on the underlying charge does not in any way excuse or justify his failure to appear personally *(see, People v Holcombe,* 89 AD2d 644). Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.