OPINION OF THE COURT
 

 Bellacosa, J.
 

 Persons who are released on bail or upon their own recognizance in connection with a pending indictment charging a class A or class B felony, and who do not appear personally on the date required by a court order or voluntarily within 30 days thereafter, are guilty of bail jumping in the first degree (Penal Law § 215.57). On a grant of leave to appeal to defendant from an order reinstating an indictment for bail jumping in the first degree, we must decide whether that criminal charge may nevertheless be lodged against the nonappearing defendant, even though the predicate class A or class B felony is no longer pending at the end of the 30-day period.
 

 
 *482
 
 Defendant was arrested and charged with first and third degree rape and second degree sexual abuse of another patient at Creedmore Psychiatric Hospital. The court informed him that he could be tried in absentia if he did not appear on the directed date and then released defendant on his own recognizance upon condition that he appear for the start of trial on May 11, 1989. When defendant failed to appear, the court held a hearing pursuant to
 
 People v Parker
 
 (57 NY2d 136), found that defendant’s absence was voluntary, and proceeded to trial without him. The charge of first degree rape, a class B felony, was dismissed by the court for insufficient evidence. The jury, however, convicted defendant of second degree sexual abuse, a class A misdemeanor, while acquitting him of the class E felony of third degree rape. Prior to his sentencing, also in absentia, to one year imprisonment, defendant was charged in a separate indictment with first degree bail jumping (Penal Law § 215.57), the matter here at issue.
 

 He was later found, arrested and arraigned on the bail jumping charge. A motion was made on his behalf to reduce the bail jumping charge to the third degree only (Penal Law § 215.55). The trial court granted the motion, reasoning that an indictment containing a class A or B felony had to be pending not only on the date defendant failed to appear, but also at the end of the 30-day period in order to support a charge of first degree bail jumping.
 

 The People appealed to the Appellate Division, which reversed and reinstated the first degree bail jumping charge. That Court concluded that "the statute does not require the continued pendency of a class A or B felony indictment for the 30-day period in order to sustain a charge of bail jumping in the first degree” (183 AD2d 845, 846). We agree and therefore affirm. /(
 

 Plainly, Penal Law § 215.57 requires that a class A or class B felony indictment be "pending” against the defendant at some point in the criminal proceedings for the elements of bail jumping in the first degree to be satisfied. However, the statute requires interpretation as to whether the predicate crimes must remain pending until the conclusion of the 30-day period. To resolve that question, this Court should therefore look to the purpose and nature of that 30-day period and its relationship to the rest of the statute that defines that crime in order to gain an understanding of the proper interpretation and operation of the statute.
 

 
 *483
 
 Defendant argues that the Legislature was not concerned with the prevention of de minimis delays of 30 days or less, since these are less likely to adversely affect the strength or viability of the prosecution’s case than are more lengthy delays. However, in
 
 People v Shurn
 
 (50 NY2d 914), this Court recognized that the 30-day period was more than a yardstick to measure excessive delay by absconding defendants. The majority viewed the "grace period” as important in reasonably limiting the scope of the offense, precisely because bail jumping under Penal Law § 215.57 is a "nonintent crime”
 
 (id.,
 
 at 915). This allowance for short-term purging, by actions of the defendant, to avoid unwarranted ratcheting of criminal charges, makes sense in light of the legislative retention of the 30-day "grace period” when the willfulness requirement was removed from the statute in 1935. The original statute enacted in 1928 required that defendant’s failure to appear be done "wilfully”, and allowed defendant 30 days to appear or surrender (L 1928, ch 374). In 1935, the statute was amended to delete willfulness, but retained the 30-day period (L 1935, ch 275).
 

 This Court’s reasoning in
 
 Shurn
 
 sheds some light on our search for the correct statutory interpretation in the fact pattern now before us. In that case, the "fortuitous event of [defendant’s] arrest” within the 30-day period was held not to foreclose defendant’s availment of the grace period to avoid a bail jumping first degree charge (50 NY2d 914, 915,
 
 supra).
 
 The distinguishing factual twist here is that the defendant did not appear in time; rather, the "fortuitous” timing of court processes allowed the underlying predicate charges to be resolved within 30 days. We conclude that the reasoning of
 
 Shurn
 
 buttresses our view that, in this case, the completion of the crime of bail jumping in the first degree should not depend on the calendaring and timing of the disposition of the predicate criminal charges.
 

 This penal statute provides notice to defendants that serious additional sanctions may result from their failure to appear in court on a required date as ordered (Penal Law § 215.57). An incentive to appear as ordered by the court is spurred by a potential penalty to a defendant who chooses to abscond and remain at liberty, possibly frustrating a timely disposition of the charges or avoiding prosecution entirely. The incentive to appear as ordered is modulated by the three degrees of bail jumping, which vary depending on the degree of the offense
 
 *484
 
 charged at the time the defendant violates the court’s order
 
 (see,
 
 Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 215.55, at 597). The statute is ultimately qualified with an opportunity afforded to a defendant to appear within 30 days which, in effect, allows for purging the earlier nonappearance.
 

 This Court should not, by judicial construction, in these circumstances, alter the legislative calibration for bail jumping in the first degree. When a defendant fails to "appear personally” in court on a "required date” (Penal Law § 215.57), the defendant has unlawfully violated a court order. Defendants then have a 30-day grace period during which they may appear and "insulate” themselves from prosecution by a kind of condition subsequent, as it were
 
 (see, People v Scalise,
 
 115 Misc 2d 283, 284). During this period, the statute focuses on defendant’s appearance before the court, not the status of the predicate charge
 
 (see, People v Shurn,
 
 50 NY2d 914,
 
 supra; cf., People v Holcombe,
 
 89 AD2d 644). If defendant has not appeared at the end of the 30-day period, the elements of the crime have been completed and satisfied, whether the predicate criminal charges are still pending or have been resolved, as occurred in this case. The criminal charge against this defendant for bail jumping in the first degree is available and was properly lodged.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Smith concur.
 

 Order affirmed.