*141 OPINION OF THE COURT
Memorandum.
Order unanimously affirmed.
The sole issue raised for appellate review is whether a judicially adjourned date of appearance constitutes the "required date” of appearance pursuant to Penal Law § 215.55.
By information, defendant was charged with the offenses of obstructing governmental administration, resisting arrest, and disorderly conduct. On April 16, 1993, defendant was arraigned on these charges in the City Court of New Rochelle (Scher, J.), where the matter was adjourned until April 23, 1993, for the purpose of obtaining court-appointed counsel for the defendant. After scheduling the adjournment, the court stated that defendant’s failure to appear on the adjourned date, "and every adjourned date thereafter,” would result in bail-jumping charges.
According to the People, defendant had made all scheduled appearances prior to June 18,1993. However, on June 18,1993, defendant failed to appear as scheduled, prompting defense counsel’s request: "could we put it over two weeks, warrant letter?” The court issued the warrant letter which stated, in relevant part:
"You are hereby directed to appear in this Court relative to a charge of Obstructing Governmental Administration, Resisting Arrest, and Disorderly Conduct which is pending against you. The matter has been scheduled for your appearance on July 2, 1993 at 9:30 a.m. sharp.
"There will be no further adjournment and upon your failure to appear as directed, a warrant for your arrest will be ISSUED FORTHWITH.”
Again, on July 2, 1993, defendant failed to appear, and a bench warrant was issued. Twenty days later, on July 22, 1993, the bench warrant was executed.
In relevant part, Penal Law § 215.55 states: "A person is guilty of bail jumping in the third degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance * * * personally in connection with a criminal action or proceeding, and when he does not appear personally on the required date or voluntarily within thirty days thereafter” (emphasis added). The statute affords a criminal defendant a 30-day grace period in which to voluntarily appear, and precludes defendant’s involuntary return or arrest, prior to the running of said 30 days *142 (see, People v Shurn, 50 NY2d 914, 915 [1980]; see also, People v Eiffel, 81 NY2d 480, 483 [1993]; Doninno, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 215.55, at 596-597).
Based on defendant’s failure to voluntarily surrender within 30 days after June 18, 1993, the People filed a misdemeanor information in the City Court of New Rochelle, charging defendant with bail jumping in the third degree. Subsequently, defendant moved to dismiss the bail-jumping charge, contending, inter alla, that July 2, 1993, was the "required date” of appearance within the meaning of Penal Law § 215.55, and that July 22, 1993, fell within the 30-day grace period afforded in the statute. Defendant based this position on the fact that the court adjourned the June 18, 1993, date by issuing a warrant letter on said date, ordering defendant to appear on July 2, 1993. It was not until the adjourned date that defendant’s failure to appear prompted a bench warrant for his arrest. The People, on the other hand, argue that June 18, 1993, is the date in which defendant was required to appear before the court. As such, defendant’s arrest on July 22, 1993, fell outside the 30-day grace period afforded in the bail-jumping statute.
According to the court below, "the issuance of a warrant letter in the format herein used constitutes a consent adjournment of the 'required date’ of appearance within the meaning of Penal Law § 215.55.” While there is no indication contained within the record before this court that the People consented to the adjournment, a trial court has discretion to adjourn criminal proceedings sua sponte (see, e.g., People v Cortes, 175 AD2d 171, 173 [2d Dept 1991], affd 80 NY2d 201 [1992]). Since we find that the court did not abuse its discretion in adjourning the date on which defendant was to appear July 2, 1993, defendant’s arrest on July 22,1993, fell within the 30-day grace period of Penal Law § 215.55 (see, People v Shurn, supra). Thus, we find no basis to disturb the order dismissing the information against the defendant.
Collins, J. P., Ingrassia and Luciano, JJ., concur.