OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
After being indicted for criminal possession of a controlled substance in the third and fifth degrees, defendant pleaded guilty to criminal possession of a controlled substance in the third degree. He falsely represented to the trial court his name and age as 19 years. The trial court granted defendant’s request to be released pending sentencing, upon the condition that he appear on a date certain. He failed to do so and a bench warrant was issued. By then, he was over 16 years of age.
Defendant was recaptured about seven months later and was charged with bail jumping in the first degree. The trial court accepted the withdrawal of defendant’s guilty plea to the drug *840 charge because defendant’s birth certificate established that he was under 16 years of age at the time the possession crime was alleged to have been committed. Defendant then pleaded guilty again, this time to the charge of bail jumping in the first degree. He appealed this conviction and the Appellate Division affirmed, holding that the County Court had jurisdiction. The dissenting Justice at the Appellate Division granted permission to appeal to this Court.
Defendant argues that once the defense of infancy was raised with respect to the predicate criminal charges, the trial court was divested also of jurisdiction over the subsequent bail jumping charge. Defendant is incorrect. The status of pending felony charges has no such legal effect upon criminal liability for bail jumping (see, People v Eiffel, 81 NY2d 480, 483).
Defendant’s assertion fails to appreciate the theoretical and as-applied effect of infancy upon a pending criminal proceeding. Infancy is an ordinary defense that must be raised by the defendant (Penal Law § 30.00 [3]). Not only did defendant not raise this defense at the time he pleaded guilty to the underlying charge, he also falsely represented himself and his age to the trial court. Therefore, at the time the defendant violated the court’s appearance order and did not materialize for sentencing, the court still had effective jurisdiction over him for purposes of the bail jumping charge, committed when he was over 16 years of age.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.