■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID COPPEZ, Also Known as DAVID COPPAGE, Respondent. [672 NYS2d 314] —Order, Supreme Court, New York County (Marcy Kahn, J.), entered on or about October 11, 1996, which, upon reargument, granted defendant's motion to dismiss the indictment on the ground that the evidence presented to the Grand Jury was legally insufficient, unanimously affirmed.

On May 31, 1996, defendant failed to appear for a scheduled court appearance on the underlying matter, whereupon the calendar court issued a warrant, stayed the warrant and adjourned the matter until June 11. When defendant failed to appear on the June 11 adjourned date, a warrant was issued for his arrest and he was returned involuntarily on July 5, 1996. The motion court correctly dismissed the ensuing indict-

ment for the crime of bail jumping in the second degree (Penal Law § 215.56) on insufficiency grounds, since defendant was returned to court within the 30-day grace period afforded by the statute. This 30-day period runs from a defendant's nonappearance on a "required date". Although May 31 was originally such a "required date" for this defendant's appearance, the calendar court, exercising its discretion, excused defendant's nonappearance on that date and fixed a new required date. The adjournment of the required date of appearance thus provided defendant with an additional 30-day time period within which to appear in order to avoid the consequences of a bail jumping charge (*see, People v McLean*, 168 Misc 2d 140). Defendant did not lose the benefit of this grace period by being involuntarily returned on the warrant (*People v Shurn*, 50 NY2d 914; *see also, People v Eiffel*, 81 NY2d 480). Accordingly, since he was returned within 30 days of the June 11 adjourned date, the evidence before the Grand Jury was legally insufficient to support the charge of bail jumping in the second degree and the indictment was properly dismissed. Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.