OPINION OF THE COURT
 

 Smith, J.
 

 Under New York’s Penal Law, a person can be charged with the crime of bail jumping when, having been released from custody or allowed to remain at liberty in connection with a criminal charge, he or she fails to appear in court “on the required date or voluntarily within thirty days thereafter” (Penal Law §§ 215.55, 215.56, 215.57). When a defendant fails to appear on a court-ordered adjourned date but the court, in its discretion, on that date stays the issuance of a warrant, has the defendant failed to appear on the statutory “required date” so as to support a charge of bail jumping? In this case, we
 
 *251
 
 agree with both Supreme Court and the Appellate Division that the question should be answered in the negative.
 

 On October 6, 1995, defendant David Coppez, who was charged with felony assault, was released on bail in Supreme Court, New York County, on condition that he return to court on scheduled dates. After successfully making a number of court appearances, defendant failed to appear on May 31, 1996. As a result, the court issued a bench warrant on that day but, upon defense counsel’s representation, stayed its execution and adjourned the matter to June 11, 1996 for defendant’s appearance. On June 11, defendant again failed to appear and the court issued a bench warrant for his arrest. On July 5, 1996 defendant was returned on the warrant.
 

 On July 9, 1996, defendant was charged under the instant one-count indictment with bail jumping in the second degree (Penal Law § 215.56). Prior to trial, he moved to dismiss, claiming that the evidence in the Grand Jury was legally insufficient to support the requisite element of a failure to appear on a “required date.” Supreme Court initially denied defendant’s motion, but on reargument dismissed the indictment. The court concluded that the “required date” for defendant’s appearance was June 11 (when the warrant was issued) rather than May 31 (when the warrant was stayed). On the People’s appeal, a unanimous Appellate Division affirmed, concluding that the indictment was properly dismissed since defendant was returned to court within the 30-day grace period afforded by the statute. The Court stated that although May 31 “was originally such a ‘required date’ for this defendant’s appearance, the calendar court, exercising its discretion, excused defendant’s nonappearance on that date and fixed a new required date,” which “thus provided defendant with an additional 30-day time period within which to appear” (249 AD2d 236, 237). The Chief Judge granted the People leave to appeal.
 

 On this appeal, the People argue that a scheduled court date for a defendant’s appearance is a “required date” within the meaning of the bail-jumping statutes, and that such a date does not nunc pro tunc cease to be a required date merely because, following a nonappearance, the calendar court stays the issuance of a warrant and adjourns the matter to a future date. Defendant, on the other hand, urges that the statute permits a court, on the calendared date, to stay the issuance of a bench warrant and adjourn the matter to another date, thereby nullifying the “required date” element of a bail-jumping offense. We agree.
 

 
 *252
 
 Penal Law § 215.56 reads as follows:
 

 “A person is guilty of bail jumping in the second degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a charge against him of committing a felony, and when he does not appear personally on the
 
 required date
 
 or voluntarily within thirty days thereafter” (emphasis supplied).
 
 *
 

 Implicit in defining criminal liability under the bail-jumping statutes by utilizing the term “required date” is a legislative recognition of the calendar court’s discretion in the over-all scheduling of a criminal litigation. “Obviously the court must set its own calendar”
 
 (People v Goss,
 
 87 NY2d 792, 797), and the bail-jumping statutes thus contemplate not only the court’s establishing the “required date,” but also the court’s discretionary authority — prior to the passage of that date — to amend its own requirement. “To this end,” Judge Cardozo once wrote, “the power to adjourn is a necessary incident to the power to determine”
 
 (People ex rel. Edwards v Superintendent of Bellevue & Allied Hosps.,
 
 235 NY 398, 402). Indeed, this Court has itself numerous times acknowledged a calendar court’s discretionary authority to adjourn matters within its jurisdiction
 
 (see, e.g., Matter of Hynes v George,
 
 76 NY2d 500;
 
 People v Wagner,
 
 15 NY2d 799;
 
 Hogg v Parker,
 
 14 NY2d 728;
 
 see also, Smyth
 
 v
 
 Chase,
 
 36 AD2d 951,
 
 lv dismissed
 
 31 NY2d 707).
 

 Recently, in
 
 People v Eiffel
 
 (81 NY2d 480,
 
 affg
 
 183 AD2d 845), we had occasion to interpret the operational mechanics of one of the trio of bail-jumping statutes — bail jumping in the first degree (Penal Law § 215.57). There, we upheld an Appellate Division decision which concluded that the higher charge of bail jumping in the first degree could be lodged even though the underlying B felony prosecution had been resolved prior to the expiration of the statutory, 30-day grace period. Referring to the crime of bail jumping in the first degree, we stated:
 

 “This penal statute provides notice to defendants that serious additional sanctions
 
 may
 
 result from their failure to appear in court on a required date
 
 *253
 

 as ordered
 
 (Penal Law § 215.57). An incentive to appear
 
 as ordered by the court
 
 is spurred by a potential penalty to a defendant who chooses to abscond and remain at liberty, possibly frustrating a timely disposition of the charges or avoiding prosecution entirely. * * * The statute is ultimately qualified with an opportunity afforded to a defendant to appear within 30 days which, in effect, allows for purging the earlier nonappearance” (81 NY2d,
 
 supra,
 
 at 483-484 [emphasis supplied]).
 

 While it is clear that a defendant may, in accordance with the provisions of the bail-jumping statutes, affirmatively purge a previous nonappearance by appearing personally before the court within 30 days
 
 (see,
 
 Penal Law §§ 215.55, 215.56, 215.57;
 
 People v Eiffel,
 
 81 NY2d,
 
 supra,
 
 at 484), we see no reason why, fully within the meaning of the bail-jumping statutes, a court cannot excuse a nonappearance prior to the close of court on the calendared date and fix a new date. This is precisely what transpired here.
 

 Defendant’s nonappearance on May 31, 1996, because excused by judicial stay before the passage of the date in question, was not a failure to appear on a “required date” within the meaning of the bail-jumping statute (Penal Law § 215.56). The 30-day grace period afforded by the statute did not begin to run until (he occurrence of defendant’s unexcused failure to appear on June 11, 1996, when a warrant was issued for his arrest. Although we do not hold that the issuance of a bench warrant is in any way a prerequisite to a prosecution for bail jumping in its varying degrees, an unexcused failure to appear as directed is minimally required. Here, defendant’s involuntary appearance on July 5, 1996, having occurred within 30 days after his unexcused failure to appear on June 11
 
 (see, People v Shurn,
 
 50 NY2d 914,
 
 affg
 
 71 AD2d 610), effectively negated the “required date” element of the bail-jumping offense, making dismissal of the indictment the proper result.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed.
 

 *
 

 Bail jumping in the first and third degrees (Penal Law §§ 215.57, 215.55) employ similar textual language and differ from the offense in the second degree based on the degree of the underlying criminal charge, as well as in the classification of the completed offense.