■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL BROWN, Appellant. [741 NYS2d 762] —Appeal from a judgment of Monroe County Court (Dattilo, Jr., J.), entered August 28, 1998, convicting defendant after a jury trial of bail jumping in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant pleaded guilty to one count of a four-count indictment and was released pending sentencing. Defendant failed to appear for sentencing and was subsequently arrested on a bench warrant and indicted for bail jumping in the second degree (Penal Law § 215.56), and he now appeals from a judgment convicting him of that crime. After the indictment charging defendant with bail jumping was filed, the indictment on the underlying predicate felony was withdrawn by the People and re-presented to the grand jury, and a no true bill was issued upon the re-presentation. We reject defendant's contention that the indictment on the predicate felony is a nullity, requiring reversal of the bail jumping conviction. A person is guilty of bail jumping in the second degree "when he does not appear personally on the required date or voluntarily within thirty days thereafter" (§ 215.56). "If defendant has not appeared at the end of the 30-day period, the elements of the crime have been completed and satisfied, whether the predicate criminal charges are still pending or have been resolved" (*People v Eiffel*, 81 NY2d 480, 484). Here, the predicate matter was still pending when defendant failed to appear for sentencing, and thus County Court had jurisdiction over defendant. The subsequent withdrawal of the plea based on the People's failure to advise defendant of his right to testify before the grand jury and the absence of a further indictment does not alter the fact that defendant failed to appear for a scheduled court appearance (*see People v Holmes*, 89 NY2d 838, 839-840).

By failing to specify the basis for his motion to dismiss at the close of the People's case, defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray,* 86 NY2d 10, 19), and in any event that contention is without merit. Defendant also failed to preserve for our review his contention that remarks made by the prosecutor during summation deprived him of a fair trial (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). We reject the further contentions of defendant that he was denied effective assistance of counsel (*see People v Baldi,* 54 NY2d 137, 147) and that the court abused its discretion in permitting the People to question defendant concerning prior convictions even though inquiry into the facts underlying those convictions was not permitted (*see People v Walker,* 83 NY2d 455, 459). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Wisner, Hurlbutt, Scudder and Lawton, JJ.