■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SHERARD, Appellant. [903 NYS2d 3]—

Order, Supreme Court, New York County (Carol Berkman, J.), entered on or about July 25, 2007, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court's discretionary upward departure was based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument (*see e.g. People v Miller*, 48 AD3d 774 [2008], *lv denied* 10 NY3d 711 [2008]). The court properly based its upward departure on a combination of factors, including the level of force and aggression involved in the underlying crime, defendant's failure to accept responsibility, particularly by denying his guilt, and his conduct while incarcerated. In addition, defendant's point score under the risk assessment instrument was nearly at level two.

The court properly exercised its discretion in denying defendant's request for a lengthy adjournment to obtain additional information about his prison record. The court also properly denied his request to waive his presence "at future adjournments," since there was no need for such adjournments. A court has considerable discretion to control its calendar (*see e.g. People v Coppez*, 93 NY2d 249, 252 [1999]), and defendant failed to demonstrate how delaying the hearing would permit him to obtain documents relevant to the determination of his sex offender level. In any event, defendant was not prejudiced by the denial of an adjournment. Even if defendant's prison record is disregarded as an aggravating factor, there was still ample basis for the court's upward departure. Concur—Andrias, J.P., Catterson, Renwick, Richter and Román, JJ.