■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO RODRIGUEZ, Appellant. [956 NYS2d 884]—

Order, Supreme Court, New York County (Cassandra Mullen, J.), entered on or about June 22, 2011, which adjudicated defendant a level three sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), affirmed, without costs.

Defendant argues that the court's notice, in writing, of the date of the hearing, was late by one day. However, defendant never argued at the hearing that he had not been provided the 20-day notice required by Correction Law § 168-n (3). In any event, defendant cannot establish that the court did not afford him an opportunity to respond to the People's application.

Defendant's adjudication satisfied the requirements of due process and Correction Law § 168-n (3). In that regard, the court properly exercised its discretion in denying defendant's request for a lengthy adjournment to obtain additional information about his prison record. A court has considerable discretion to control its calendar (see e.g. People v Coppez, 93 NY2d 249, 252 [1999]; People v Sherard, 73 AD3d 537 [1st Dept 2010], lv denied 15 NY3d 707 [2010]), and "defendant failed to demonstrate how delaying the hearing would permit him to obtain documents relevant to the determination of his sex offender level" (People v Sherard, 73 AD3d at 537). In any event, given the remarkably strong case for adjudication as a level three offender, defendant was not prejudiced by the court's denial of an adjournment or by any other alleged procedural defects (see Sherard, 73 AD3d at 537). Significantly, there was ample basis for the court's upward departure, regardless of defendant's prison record (id.).

We have considered and rejected defendant's remaining arguments. Concur—Mazzarelli, J.P., Sweeny and Renwick, JJ.

Moskowitz and Freedman, JJ., dissent in a memorandum by Freedman, J., as follows: I respectfully dissent because I believe that the People failed to comply with the statutory notice requirement in the Sex Offender Registration Act (SORA), and I would remand the matter back to Supreme Court for a new risk level assessment hearing and determination, preceded by notice to both defendant and counsel in accordance with the statute.

New York Correction Law § 168-n (3) specifically states: "At least twenty days prior to the determination proceeding, the sentencing court shall notify the district attorney, the sex of-

fender and the sex offender's counsel, in writing, of the date of the determination proceeding and shall also provide the district attorney, the sex offender and the sex offender's counsel with a copy of the recommendation received from the board and any statement of the reasons for the recommendation received from the board."

In this case, the statutory requirements were not met and thus due process was not satisfied. The parties agree that a letter dated June 3, 2011 was sent to defense counsel, notifying her that Supreme Court had sent defendant a copy of the board's recommendation and scheduled a SORA proceeding on June 22, 2011. This letter, however, falls short of the 20-day notice required in the statute.

Given that Supreme Court failed to fulfill the statutory requirements, defendant should have been granted the adjournment requested by counsel (*see People v Brooksvasquez*, 24 AD3d 644, 644 [2d Dept 2005] [defendant was entitled to a new assessment hearing when the due process requirements of Correction Law § 168-n (3) were not satisfied]). An adjournment could have easily remedied the failure to provide the minimum notice required by the statute and would have adequately protected defendant's rights (*see People v Warren*, 42 AD3d 593, 594 [3d Dept 2007], *lv denied* 9 NY3d 810 [2007] [adjournment remedied a failure to provide the defendant with the required risk level recommendation prior to the hearing]).