Order, Supreme Court, New York County (Cassandra Mullen, J.), entered on or about June 22, 2011, which adjudicated defendant a level three sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), affirmed, without costs.
Defendant argues that the court’s notice, in writing, of the date of the hearing, was late by one day. However, defendant never argued at the hearing that he had not been provided the 20-day notice required by Correction Law § 168-n (3). In any event, defendant cannot establish that the court did not afford him an opportunity to respond to the People’s application.
Defendant’s adjudication satisfied the requirements of due process and Correction Law § 168-n (3). In that regard, the court properly exercised its discretion in denying defendant’s request for a lengthy adjournment to obtain additional information about his prison record. A court has considerable discretion to control its calendar (see e.g. People v Coppez, 93 NY2d 249, 252 [1999]; People v Sherard, 73 AD3d 537 [1st Dept 2010], lv denied 15 NY3d 707 [2010]), and “defendant failed to demonstrate how delaying the hearing would permit him to obtain documents relevant to the determination of his sex offender level” (People v Sherard, 73 AD3d at 537). In any event, given the remarkably strong case for adjudication as a level three offender, defendant was not prejudiced by the court’s denial of an adjournment or by any other alleged procedural defects (see Sherard, 73 AD3d at 537). Significantly, there was ample basis for the court’s upward departure, regardless of defendant’s prison record (id.).
We have considered and rejected defendant’s remaining arguments. Concur—Mazzarelli, J.P., Sweeny and Renwick, JJ.