OPINION OF THE COURT
Jeanette Rodriguez-Morick, J.
By motion dated February 22, 2013, defendant urges the court to adopt a proposed case management order excusing the defendant from personally appearing on all future scheduled trial dates, unless and until the People state ready for trial. Defendant argues that because he works seven days a week and financially supports his five children, his appearance in court on his case would serve no purpose but to “impair his liberty and prejudice his right to trial.”
The court has reviewed defendant’s motion; the People’s affirmation in opposition, dated April 30, 2013; and the court files, and finds that defendant is not entitled to the relief he seeks.
Preliminarily, the case law that defendant relies upon in support of the instant motion is inapposite: these cases support the proposition that a defendant is entitled to be present at all material stages of a criminal trial (see e.g. People v Velasco, 77 NY2d 469 [1991]); they do not support the converse, namely, that defendant is entitled to be excused from all future scheduled trial dates that defendant deems immaterial. Phrased another way, the issue squarely before the court is not whether a defendant’s absence from a criminal proceeding constitutes a deprivation of a constitutional right but rather whether it is a proper exercise of discretion to grant a defendant’s request to absent himself from all future routine appearances when the People fail to state ready on the first post-arraignment appearance date.
Defendant’s motion is denied without prejudice. First, an examination of various statutory provisions reveals that a defendant’s personal appearance on even routine calendar calls is presumed. Second, built into the language of the relevant provisions is the legislature’s acknowledgment that the court’s ability to regulate its own calendar is controlling. (See People v Coppez, 93 NY2d 249, 252 [1999] [noting that “by utilizing the term ‘required date’ (the legislature recognizes) . . . the calendar court’s discretion in the over-all scheduling of a crimi *252 nal litigation”]; People v Goss, 87 NY2d 792, 797 [1996] [“Obviously the court must set its own calendar”].)
Criminal Procedure Law § 170.10, for example, requires a defendant to be present at an initial appearance on the types of charges at issue here. (Id. § 170.10 [1] [“The defendant must appear personally at such arraignment”].) Other provisions in the Criminal Procedure Law also contemplate a defendant’s in personam appearance. (See e.g. CPL 510.40 [2] [“Upon ordering that a principal be released on his own recognizance, the court must direct him to appear in the criminal action or proceeding involved whenever his attendance may be required and to render himself at all times amenable to the orders and processes of the court”]; CPL 510.30 [2] [a] [vi] [requiring, among other factors, that courts consider defendants’ “previous record(s) if any in responding to court appearances when required or with respect to flight to avoid criminal prosecution” in deciding whether to release defendants]; CPL 30.30 [4] [c] [ii] [excluding from speedy trial calculations times when “the defendant has either escaped from custody or has failed to appear when required after having previously been released on bail or on his own recognizance”]; see also Penal Law § 215.55 [“A person is guilty of bail jumping in the third degree when by court order he has been released from custody or allowed to remain at liberty, . . . upon his own recognizance, upon condition that he will subsequently appear personally in connection with a criminal action or proceeding”].)
Additionally, and as already noted, the timely disposition of cases depends upon the calendar court’s having discretion in scheduling criminal litigation. Defendant acknowledges the court’s discretion in this matter and refers the court to a number of decisions where courts have allowed defendants to waive their right to be present during certain proceedings. Unlike the cases cited by defendant, however, defendant is not merely requesting to be excused on specific court dates or from specific proceedings but instead is requesting excusal from all future dates. However, for the same reasons our case law requires defendant to be present for all material stages of a defendant’s criminal proceedings, so too will a defendant be required to appear for what defendant believes are “routine” calendar appearances. This is so because “routine” calendar appearances not infrequently morph into material proceedings. For example, a defendant’s factual input may affect a plea offer; orders of protection may need to be extended and should be *253 extended on notice to defendant while present in court; plea offers, initially rejected by defendants out of anger, may over time become more acceptable to a defendant; defendants may successfully contest the issuance of a temporary order of protection or the terms thereof. In other words, defendant’s personal appearance helps to resolve issues and cases, whereas blanket permission for non-appearance renders the court impotent to effectuate rulings, accept pleas, and generally frustrates the timely disposition of charges.
While it is indeed unfortunate that court appearances interrupt many defendants’ professional and personal lives, this court, in its discretion, declines to excuse this defendant from all of his future court dates.
It is hereby ordered that defendant’s motion is denied without prejudice to renew under appropriate circumstances.