■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY GILLETTE, Appellant. [18 NYS3d 379]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered April 22, 2013, as amended June 11, 2013, convicting defendant, after a jury trial, of sexual abuse in the first degree, and sentencing him, as a second child sexual assault offender, to a term of eight years, unanimously affirmed.

The court properly exercised its discretion (*see generally People v Coppez*, 93 NY2d 249, 252 [1999]) in denying defendant's request on the eve of trial for a two-week adjournment to allow him to consider a plea offer, after he had rejected other plea offers in the past. We note that, after the court denied the adjournment, defendant still had a reasonable opportunity to confer with counsel and consider the offer. Defendant did not preserve his argument that he had a constitutional right to the adjournment, and that constitutional concerns limited the court's discretion (*see People v Lane*, 7 NY3d 888, 889 [2006]) and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see Ungar v Sarafite*, 376 US 575, 589 [1964]).

Since the heart of defendant's defense was that the People failed to prove that his touching of a young girl was intended to obtain sexual gratification, the court properly exercised its discretion in permitting the prosecution to elicit limited evidence regarding defendant's prior conviction, which involved the intentional sexual touching of two young girls (*see People v Alvino*, 71 NY2d 233 [1987]). We reject defendant's arguments that the evidence was cumulative or unduly prejudicial.

Defendant's ineffective assistance of counsel claims are generally unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including matters of strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]), and we reject defendant's argument that there were remarks by counsel that explain these matters. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d

708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Renwick, Saxe and Gische, JJ.