People v McLean (2016 NY Slip Op 07135)





People v McLean


2016 NY Slip Op 07135


Decided on November 1, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 1, 2016

Mazzarelli, J.P., Saxe, Moskowitz, Kahn, Gesmer, JJ.


2102 30097/14

[*1]The 
 People of the State of New York, Respondent,
v
Stewart McLean, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Kelly L. Smith of counsel), for respondent.



Order, Supreme Court, New York County (Arlene D. Goldberg, J.), entered on or about September 11, 2014, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court's discretionary upward departure was based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument (see e.g. People v Sherard, 73 AD3d 537 [1st Dept 2010], lv denied 15 NY3d 707 [2010]). The court properly based its upward departure on factors including the extreme violence and brutality involved in the underlying crime, and the crimes he committed after his release from prison, including his failure to register as a sex offender. The mitigating factors he raises are outweighed by the aggravating factors noted by the court.
The People failed to satisfy the 10-day notice provision of Correction Law § 168-k(2) of their intention to seek a sexually violent offender designation, which was omitted from the recommendation of the Board of Examiners of Sex Offenders. However, the court provided an appropriate remedy by offering defendant an adjournment for further preparation, and then adjourning the case for one month (see People v Lucas, 118 AD3d 415 [1st Dept 2014]). Defendant could not have been prejudiced, because it is undisputed that his out-of-state conviction qualified as an enumerated sexually violent offense, leaving the court no discretion to relieve him of the corresponding designation (see People v Bullock, 125 AD3d 1 [1st Dept 2014], lv denied 24 NY3d 915 [2015]), so that there was nothing to litigate in this regard. The Board's omission appears to have been an oversight.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 1, 2016
CLERK