■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. BRYANT, Appellant. [45 NYS3d 788]—

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered November 12, 2014, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Although the People twice failed to satisfy the provisions of Correction Law § 168-k (2) and § 168-n (3) requiring 10-days notice of their intention to seek a sexually violent offender designation, which was omitted from the recommendation of the Board of Examiners of Sex Offenders, the court provided appropriate remedies by adjourning the proceedings (*see People v Lucas*, 118 AD3d 415 [1st Dept 2014]). Defendant does not dispute that his out-of-state conviction automatically qualified as an enumerated sexually violent offense, leaving nothing to litigate in this regard (*see People v McLean*, 144 AD3d 423 [1st Dept 2016]). We do not find that the People's inaction and the ensuing delays were so egregious that defendant should receive undeserved relief from his legally mandated sexually violent offender status.

Clear and convincing evidence supported the assessment of 20 points under the risk factor for continuing course of sexual misconduct (*see People v Mingo*, 12 NY3d 563, 573 [2009]). In any event, regardless of whether defendant's correct point score is 105 or 85, he would remain a level two offender, and we find no basis for a downward departure (*see People v Gillotti*, 23 NY3d 841 [2014]). Concur—Sweeny, J.P., Acosta, Moskowitz, Kapnick and Kahn, JJ.