People v Guzman (2018 NY Slip Op 07182)





People v Guzman


2018 NY Slip Op 07182


Decided on October 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018

Friedman, J.P., Kapnick, Webber, Oing, Moulton, JJ.


7463 99006/17

[*1]The People of the State of New York, Respondent,
v
Aquiles Guzman, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Lauren Stephens-Davidowitz of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Diana J. Lewis of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about March 10, 2017, which adjudicated defendant a level one sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Although the People failed to provide written notice, 10 days in advance of the proceeding, of their intention to seek a sexually violent offender designation, which the Board of Examiners of Sex Offenders had omitted from its recommendation, the court provided an appropriate remedy by adjourning the proceedings (see Correction Law §§ 168-k[2], 168-n[3]; People v Lucas, 118 AD3d 415 [1st Dept 2014]). Defendant does not dispute that his out-of-state conviction automatically qualified as an enumerated sexually violent offense, "leaving nothing to litigate in this regard" (People v Bryant, 147 AD3d 412, 412 [1st Dept 2017], lv denied 29 NY3d 910 [2017]; see also People v McLean, 144 AD3d 423 [1st Dept 2016]). Moreover, defense counsel acknowledged that the adjournment gave her adequate time to prepare and stated that she did not seek to challenge the merits of defendant's sexually violent offender designation.
Defendant notes that the adjournment required him to take time to make an additional appearance in court. However, under these circumstances, we do not find that requirement so burdensome or prejudicial that defendant "should receive undeserved relief from his legally mandated sexually violent offender status" (Bryant, 147 AD3d at 412).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 25, 2018
CLERK